# Commonwealth *v.* Payne, Appellant.

*· Criminal law—Criminal procedure—Act of March 31, 1860, Section 182, P. L. 382—Indictments—Allegation of previous convictions—Proof—Evidence—Witnesses—Cross-examination— Charge to jury.*

1. Section 182 of the Act of March 31, 1860, P. L. 382, providing that, "If any person who has been convicted of any offense, other than murder of the second degree, for which the punishment prescribed by this code is imprisonment by separate or solitary confinement at labor, shall, after such conviction, be guilty of a similar offense, or of any offense for which punishment is directed, he shall in either case, upon conviction, be sentenced to undergo an imprisonment, and be kept at labor not exceeding double the whole period of time which may, by the penal laws of this Commonwealth, be prescribed for the crime of which he is convicted," requires that the previous conviction of the accused shall be averred in the indictment and that the record of his conviction shall be offered in evidence in support of that averment.

2. While only one conviction can be proved under the act, an indictment may aver two convictions, so that if it appear that the prisoner was not convicted of one of the offenses alleged in the indictment, the Commonwealth may offer evidence to show that he was convicted of the other.

3. Where an indictment charging the defendant with murder recited the record of defendant's previous conviction of manslaughter and the record of his previous conviction of rape, the court made no error in refusing to strike from the indictment the record of the conviction of rape, where the identity of the defendant with the person convicted of manslaughter had not been proved; if the Commonwealth had not succeeded in proving such identity and the motion to strike from the indictment the record of the defendant's conviction of rape had been allowed, the Commonwealth would have been precluded from offering evidence of such conviction.

4. The defendant was not prejudiced in such case by the reading of the indictment containing the allegations of his former convictions within the hearing of the full panel of jurors, where the court expressly charged the jury that they were to try the case on the evidence presented and were to disregard the allegations of defendant's previous convictions.

5. Defendant's rights were sufficiently protected in such case

when, after he had admitted his conviction of manslaughter, evidence to prove his conviction of rape was excluded.

6. The credibility of all witnesses is for the jury, and it is not error to permit one of the witnesses on cross examination to be asked whether he had shortly before been convicted of robbery and of assault and battery with intent to rob; and it is not necessary for the Commonwealth to produce and offer in evidence the record of his prior conviction.

7. While it is the duty of a trial judge in a capital case to fully instruct the jury upon the law applicable to the facts without any special request on the part of the defendant that he do so, he is not required to recapitulate the evidence or refer to it in detail. How detailed a reference to it ought to be is largely in his discretion.

Argued October 6, 1913. Appeal, No. 281, Jan. T., 1913, by defendant, from judgment of O. & T. Fayette Co., March T., 1913, No. 29, on verdict of guilty of murder of the first degree in case of Commonwealth **v.** John Payne, alias John W. Paine. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before UMBEL, P. J.

As to the law of self defense the court charged the jury as follows:

"The law of self defense is a law of necessity, and that necessity must be real or bear all the semblance of reality, and appear to admit of no other alternative before the taking of life would be justifiable, or excusable, and the burden lies on the prisoner to prove that there was an actual necessity for taking life, or a seeming necessity so reasonably apparent and convincing to him as to lead him to believe that he could only defend himself by taking the life of his assailant. Ordinarily, if a man accused of murder can flee it is his duty to do so. Justice AGNEW of our Supreme Court, in speaking at one time of self defense, said: 'Where it comes to a question whether one man should flee or another should live, the law decides that the former shall rather flee

than that the latter shall die.' In this case, however, you will keep in mind the defendant was in his own house, and, if he were assailed in the manner he claims, that principle of law would not apply with the same force as if the occurrence had been somewhere else. Yet the burden is on the defendant to establish his defense by a fair preponderance of the credible testimony, to the effect that the defendant was warranted in concluding that there was reasonable apprehension on his part that the deceased was about to inflict upon him great bodily harm or take his life."

The court affirmed the defendant's first, second, third and fifth points, which were as follows:

First. If the jury find from the testimony that James Thomas, the deceased, followed the defendant, John Payne, in his own house through the room designated on Commonwealth's Exhibit 1 as No. 1, through No. 2 into No. 3 and there engaged in a scuffle with the defendant, John Payne; that, during the said scuffle, the said Thomas drew a revolver and fired a shot at the said defendant; that the drawing of the revolver and the firing of the shot as aforesaid caused the defendant, John Payne, to apprehend that he was in danger of having inflicted upon his person serious bodily harm, or that he would be killed by the said James Thomas, and that, acting under the said apprehension of death or serious bodily harm, he struck the blow that resulted in the death of the said Thomas, then the defendant would be regarded as acting in self defense as defined by the law of Pennsylvania, and your verdict should be not guilty.

Second. If the jury find from the testimony that the deceased, James Thomas, followed the defendant through rooms 1, 2 and into 3 as aforesaid, and there engaged in a scuffle with the defendant and, in the course of such scuffle, the said Thomas drew a revolver and fired a shot and that such shot took effect in the shoulder of the defendant, producing the wound as ex-

hibited to the jury, and the defendant, from the conduct of the said Thomas, apprehended that he was in danger of death or serious bodily harm and struck the blow that resulted in the death of James Thomas while so apprehending danger of death or serious bodily harm, then the defendant in striking the blow as aforesaid was acting in self defense and your verdict should be not guilty.

Third. If the jury find from the testimony that the said James Thomas, having in his possession a knife, followed the defendant through rooms 1 and 2 and into 3 as aforesaid, quarreling as they passed through the said rooms, and in the said room No. 3 entered into a scuffle with the defendant, and if the jury further find that these circumstances occurred subsequent to a request by the defendant to the said Thomas to go away from his premises, and if the jury further find that the said James Thomas, during the scuffle in room No. 3, drew a weapon with the intention of inflicting upon the defendant serious bodily harm, in such case it would not be necessary, under the law, for the defendant to retreat to the wall before striking a blow which might result in the death of the defendant, and if, without retreating as aforesaid, the defendant did strike the blow under the circumstances as aforesaid, which resulted in the death of the said Thomas, then the defendant would still be acting in self defense under the law and your verdict should be not guilty.

Fifth. If the jury find from the testimony that the defendant, John Payne, struck the blow which resulted in the death of James Thomas, either because of anger caused by an assault, or because of terror caused by his knowledge of the threats directed toward him by the said James Thomas and the attitude of the said Thomas during the scuffle in room No. 3, just prior to the inflicting of the fatal blow, then the defendant cannot be convicted of any higher grade of crime than that of voluntary manslaughter.

Other facts appear by the opinion of the Supreme Court.

The jury found a verdict of guilty of murder of the first degree, upon which sentence of death was passed. Defendant appealed.

*Errors assigned* were the refusal of the trial judge to strike from the indictment an allegation that the defendant had been convicted of rape, various other rulings of the trial judge and various instructions to the jury.

*H. S. Dumbauld,* with him *H. K. MacQuarrie,* for appellant.—The refusal of the court to strike from the indictment the record of defendant's conviction upon a charge of rape was erroneous: Com. v. Hagan, 10 Pa. C. C. R. 22; Kane v. Com., 109 Pa. 541.

The court failed to charge the jury adequately upon the law of self defense: Meyers v. Com., 83 Pa. 131; Com. v. Shults, 221 Pa. 466; Potter v. State, 1 S. W. Repr. 614.

*S. J. Morrow,* with him *S. R. Shelby,* District Attorney, and *W. A. Miller,* for appellee.—The record of defendant's conviction of rape was properly included in the indictment: Kane v. Com., 109 Pa. 541; Halderman's Case, 53 Pa. Superior Ct. 554; Rauch v. Com., 78 Pa. 490; Com. v. Racco, 225 Pa. 113.

The charge on the law of self-defense taken in connection with the affirmance of defendant's points was adequate: Com. v. Caraffa, 222 Pa. 297; Com. v. Richmond, 6 W. N. C. 431; Com. v. Weathers, 7 Kulp 1; Com. v. Lenox, 3 Brewster 249; Kimbrell v. State, 75 S. E. Repr. 252; Tillman v. State, 70 S. E. Repr. 876; Spangler v. State, 61 S. W. Repr. 314; Askew v. State, 83 S. W. Repr. 706; Williams v. State, 48 S. E. Repr. 368; People v. Martell, 33 N. E. Repr. 838; State v. Ussery, 24 S. E. Repr. 414.

OPINION BY MR. JUSTICE BROWN, November 7, 1913:

The appellant comes here with three complaints. The first is of the refusal of the court below to strike from the indictment the record of the defendant's conviction of rape. It contained two counts: one for murder, and the other for voluntary manslaughter. It further charged that the prisoner had been convicted of voluntary manslaughter in 1891 and of rape in 1895. The Commonwealth could not have anticipated with certainty a verdict of guilty of murder of the first degree, and the manifest purpose of inserting in the indictment a count for voluntary manslaughter, though not necessary, was to bring the prisoner, if convicted of that offense, within the provisions of the 182d Section of the Act of March 31, 1860, which is as follows: "If any person who has been convicted of any offense, other than murder of the second degree, for which the punishment prescribed by this code is imprisonment by separate or solitary confinement at labor, shall, after such conviction, be guilty of a similar offense, or of any offense for which such punishment is directed, he shall in either case, upon conviction, be sentenced to undergo an imprisonment, and be kept at labor not exceeding double the whole period of time which may, by the penal laws of this Commonwealth, be prescribed for the crime of which he is convicted." If this provision is to be invoked, the previous conviction of the accused must be averred in the indictment, and the record of his conviction must be offered in evidence in support of that averment. In this way alone can the provisions of the statute be carried into effect: Rauch v. Commonwealth, 78 Pa. 490; Kane v. Commonwealth, 109 Pa. 541; Halderman's Case, 53 Sup. Ct. 554. Counsel for the prisoner do not contend that it was error to refuse to strike out the averment as to his conviction of voluntary manslaughter, but complain of the refusal to strike out the averment of the conviction of rape in 1895. In making this complaint it is insisted that under the words of the

182d section of the Penal Code of 1860, only one conviction of a former offense can be averred and proved, and that when two prior convictions are set forth in the indictment the reading of it before the full panel of jurors upon the arraignment of the prisoner may prejudice him in the minds of those subsequently selected to try him. This latter contention is without merit in the present case in view of the following instruction to the jury: "Now, so far as those convictions and the penalties imposed in those cases are concerned, they are not to operate against this defendant in the trial of this case. He is being tried by you on the offense alleged to have been committed by him on the 26th day of January, 1913, and the fact that he may have committed offenses in 1891 and 1895, whether of this character or of some other character, should not operate against him by bringing about a conviction in this case. So far as this case is concerned, you are to try it on the testimony here submitted and on the facts as you may determine them from the testimony, regardless of the fact of these previous convictions, the record of which was offered in evidence, read and referred to in the bill of indictment. That was a formal matter and under the law was a matter for the information of the court in connection with the provisions of a certain act of assembly with which the jury has nothing to do, and as we have said, mention of those previous convictions is not to operate in your minds against the defendant in this case." The averments complained of were for the information of the court alone in the event of the prisoner's conviction of voluntary manslaughter. At the time the motion was made to strike out, his identity had not been established, and, if upon the trial the Commonwealth had not been able to show that he was the person averred to have been convicted of voluntary manslaughter, it would not have been permitted to show the conviction of rape with that averment stricken from the indictment: Kane v. Commonwealth, supra. Under a correct ruling of the

court below the Commonwealth was not permitted to prove the second conviction after having shown the first with an admission by the prisoner that he was the defendant in that conviction, and, if he had been convicted of voluntary manslaughter on this indictment, the case would have come within the express words of the statute.

Appellant's second complaint is that the Commonwealth was permitted to ask one of the witnesses for the defense on cross-examination whether he had been shortly before convicted of robbery and of assault and battery with intent to rob. The credibility of that witness as well as that of all the others called by the defendant was for the jury, and the question was properly allowed. It was not necessary for the Commonwealth to produce and offer in evidence the record of his prior conviction: Com. v. Racco, 225 Pa. 113.

The remaining complaint is of the inadequacy of the instructions on the law of self-defense and of the failure of the trial judge to refer in his charge to the testimony of certain witnesses called to show the vicious and quarrelsome disposition of the deceased and threats made by him against the prisoner. Standing alone the charge could fairly be regarded as inadequate upon the law of self-defense; but reading it in connection with the unqualified affirmance of the prisoner's first, second and third points, carefully and elaborately prepared by his counsel, it is not to be so regarded. By those points the court was asked to instruct the jury that if they found from the testimony that the prisoner had killed the deceased under the circumstances set forth in the points, he acted in self-defense, and should be acquitted. These points and the answers to them are part of the charge, and we must so consider them upon complaint of its inadequacy. When they are so considered the complaint of the inadequacy of the instructions as to the law of self-defense is groundless. While it is the duty of a trial judge in a capital case to fully instruct the jury upon the law applicable to the facts without

any special request on the part of the defendant that he do so, he is not required to recapitulate the evidence or refer to it in detail. How detailed a reference to it ought to be is largely in his discretion: Com. v. Caraffa, 222 Pa. 297. Though the trial judge did not, in the present case, specifically refer to the testimony as to the threats alleged to have been made by the deceased, the jury were instructed by his answer to the prisoner's fifth point that if he struck the blow which resulted in death by reason of terror caused by his knowledge of the threats which the deceased had made against him, and of the attitude of Thomas during the scuffle, there could be no conviction of murder. The attention of the jury was thus drawn to the testimony as to the threats with instructions as to what effect was to be given them in fixing the degree of the prisoner's guilt; and, in the absence of any request to the trial judge to direct the attention of the jury to those portions of the testimony on the part of the defense appearing in the sixth, seventh, eighth, ninth, tenth and eleventh assignments, his failure to do so was not error.

After due consideration of all the assignments we find nothing in any one of them calling for a reversal of the judgment. It is, therefore, affirmed and the record remitted for the purpose of execution.