Commonwealth ex rel. Whiteman *v.* Smith, Warden.

Argued November 8, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES

and RHODES, JJ.

*C. James Todaro*, with him *Edward Friedman*, Deputy Attorneys General, and *Charles J. Margiotti*, Attorney General, for respondent.

OPINION BY KELLER, P. J., December 17, 1937:

Petition for writ of habeas corpus. Pursuant to the practice of the Supreme Court on petition for writ of habeas corpus, we granted a rule to show cause why the writ should not issue, which was served upon the Attorney General and the District Attorney of Luzerne County, as well as upon the Warden of the Eastern State Penitentiary. At the argument of the rule the Attorney General appeared by one of his deputies, who stated that the Department of Justice was of opinion that the relator should be discharged from custody, and, on behalf of the respondent, filed a formal brief to that effect.

The facts as they appear from the petition and answer filed and from the records produced are as follows:

A warrant was issued on February 19, 1926, on the complaint of Michael Brown, chief of police of Wilkes-Barre, charging Benny Whiteman with felonious breaking and entering and larceny of the personal property of Frederick Kraft. Whiteman was arrested, brought before Alderman Thomas Goss and committed to jail to appear at the next term of Court.

An indictment was prepared by the District Attorney to 352 February Sessions 1926 of the Court of Oyer and Terminer of Luzerne County, charging that Whiteman on February 19, 1926, (1) unlawfully, wilfully, maliciously and feloniously did break and enter the dwelling of Frederick Kraft in the City of Wilkes-Barre, Pa., with intent to commit larceny therein; and (2) that, on the day and year aforesaid, he feloniously did

steal, take and carry away certain legal money of the said Frederick Kraft.

On February 23, 1926, before the bill of indictment had been presented to the Grand Jury, the defendant signed the following endorsement on the bill, pursuant to the Act of April 15, 1907, P. L. 62:

"Now 23d day of February 1926, being charged with the commission of crimes, to wit, Larceny and Receiving, I do hereby notify the District Attorney that I am willing to enter a plea of guilty, without sending a bill of indictment before a Grand Jury and I hereby request and direct that my plea of guilty be entered hereto.

Benj. Whiteman, Defendant."

The same day, he was brought before the court and proceedings had of which the following appears of record:

"Now February 23, 1926, defendant pleads guilty, whereupon Court sentences defendant to pay a fine of $50.00, cost of prosecution, restore property stolen and to serve a term in Eastern Penitentiary, the minimum to be four (4) years, the maximum eight (8) years and that he stand committed until this sentence is complied with.—Sentence to begin in this case at the expiration of sentence imposed April 3, 1922 to Nos. 363-369 February Sessions 1922, of which he was paroled.

JONES, J."

It further appears that the defendant had been pardoned by Governor Pinchot, on December 21, 1925, of the crime for which he had been sentenced on April 3, 1922, to Nos. 363-369 February Sessions 1922, as aforesaid, instead of paroled, as assumed by the court.

If the defendant pleaded guilty to larceny, the second count in the indictment, and not to the whole indictment, which included a count for felonious breaking and entering, with intent to steal—and the Attorney General admits that this is the effect of his plea of guilty—, any sentence greater than a maximum of three

years was excessive, (Act of March 31, 1860, P. L. 382, sec. 103), and illegal as to such excess. There are circumstances in connection with the relator's plea of guilty, not necessary to be recited here, which might be urged in support of the position that the defendant should be held to have pleaded guilty to the whole indictment, including the count for felonious breaking and entering; but there must be no uncertainty as to the scope of a plea of guilty under the Act of 1907, supra, and we believe the position taken by the Attorney General is proper in the circumstances present.

The relator served the minimum term of his sentence —four years—which exceeded his maximum legal sentence by a year, and was then released on parole. Subsequently he violated his parole and was returned to the penitentiary to serve the remainder of his maximum sentence. He then filed his petition for a writ of habeas corpus.

As he had served more than the full maximum term for which he could legally be sentenced for larceny, it follows that his violation of his parole could not have the effect of requiring him to serve the remainder of his excessive and illegal term: *Com. ex rel. Smith v. Smith,* 124 Pa. Superior Ct. 405, 406, 189 A. 758. He is therefore entitled to be discharged from imprisonment.

The suggestion of the District Attorney of Luzerne County that the relator be remanded to the Court of Oyer and Terminer of that county for resentence as a second offender, under section 182 of the Act of March 31, 1860, supra, is not tenable. The indictment to which he pleaded guilty of larceny did not charge him with being a second offender: *Com. v. Payne,* 242 Pa. 394, 89 A. 559.

The rule to show cause is made absolute and it is ordered that the relator be discharged from imprisonment.