502 A.2d 702

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Daniel James REAGAN.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1985.

Filed Dec. 31, 1985.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellant.

Lawrence J. Hracho, Reading, for appellee.

Before SPAETH, President Judge, and BROSKY, ROWLEY, WIEAND, McEWEN, CIRILLO, OLSZEWSKI, MONTEMURO and TAMILIA, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is a direct appeal by the Commonwealth from a judgment of sentence of imprisonment for 48 hours to 12 months. Appellee pled guilty to driving under the influence of alcohol [1] and disorderly conduct.[2] At the time of sentencing on March 26, 1984, the Commonwealth requested the court to sentence appellee to a minimum of 30 days in jail pursuant to 75 Pa.C.S. § 3731(e)(1)(ii), the recidivist provision of the Drunk Driving Act, because it alleged that appellee had previously been convicted of driving while under the influence of alcohol within the last seven years. But because the criminal Information did not allege any prior convictions, the trial court refused to consider appellee as anything other than a first offender. The trial court sentenced him to 48 hours to 12 months imprisonment for driving while under the influence of alcohol and to a fine of $100 for disorderly conduct. Pursuant to 75 Pa.C.S. § 3731(e)(4) which grants the Commonwealth the right to appeal directly an order of court which imposes a sentence that does not meet the requirements of the Drunk Driving Act, the Commonwealth has appealed.

The Commonwealth raises three issues on appeal: 1) whether it must allege prior convictions in the criminal Information in order to seek sentencing for a defendant under 75 Pa.C.S. § 3731(e)(1)(ii)–(iv); 2) whether *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980), *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979), and *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118 (1979) should be overruled; and 3) whether a defendant's due process rights can be protected by requiring the Commonwealth to establish sentence enhancing factors at the sentence proceeding. Argument before the

---

1. 75 Pa.C.S. § 3731(a).
2. 18 Pa.C.S. § 5503(a). Appellee was also charged with resisting arrest, 18 Pa.C.S. § 5104 and public drunkenness, 18 Pa.C.S. § 5505, but these charges were dismissed at sentencing.

court *en banc* was granted to consider these issues. We reverse.

## I.

■ The Drunk Driving Law, 75 Pa.C.S. § 3731, provides:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as 'The Controlled Substance, Drug, Device and Cosmetic Act,' to a degree which renders the person incapable of safe driving;

(3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving; or

(4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

(Footnote omitted.)

Subsection (e)(1) of this statute sets forth the penalty to be imposed for violation of the statute:

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this

section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

The Commonwealth contends that because prior convictions are not included in the definition of the crime and are not elements thereof, they need not be alleged in the criminal information. The prior convictions do not alter the guilt or innocence of the person charged with drunken driving; rather they are relevant only to the minimum mandatory sentence to be imposed following a finding of guilty by a judge or a jury or after a guilty plea has been entered. We agree.

The Pennsylvania Rules of Criminal Procedure set forth in Rule 225 the required contents of a criminal Information as follows:

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(1) a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2) the name of the defendant, or if he is unknown, a description of him as nearly as may be;

(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4) the county where the offense is alleged to have been committed;

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and

(6) a concluding statement that 'all of which is against the Act of Assembly and the peace and dignity of the Commonwealth'.

(c) The information shall contain the official or customary citation of the statute and section thereof, or other provision of law which the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(d) In all court cases tried on an information the issues at trial shall be defined by such information.

Nowhere does the rule require that a prior conviction be averred in the information. Therefore, unless the prior conviction is an "essential element" of the crime and required to be averred in the Information by Rule 225(b)(5), it is not necessary to include the averment of a prior conviction in the Information. Our review of the applicable statutes and relevant case law compels us to conclude that prior convictions are not an element of the crime of drunken driving and therefore need not be alleged in the Information.

The Crimes Code defines an "element of an offense" as: Such conduct or such attendant circumstances or such a result of conduct as:

(1) is included in the description of the forbidden conduct in the definition of the offense;

(2) establishes the required kind of culpability;

(3) negatives an excuse or justification for such conduct;

(4) negatives a defense under the statute of limitation; or

(5) establishes jurisdiction or venue.

18 Pa.C.S. § 103. A prior conviction is nowhere mentioned in 75 Pa.C.S. § 3731(a) which is captioned "offense defined". Neither does a prior conviction establish the required culpability. A prior conviction does not excuse or justify driving under the influence of alcohol and an averment of a prior conviction could neither negate a statute of

limitations defense nor establish jurisdiction or venue. Therefore, under 18 Pa.C.S. § 103, a prior conviction is not an element of driving while under the influence of alcohol or a controlled substance.

In a long line of cases applying recidivist penalties under a variety of statutes, the Pennsylvania courts have required the Commonwealth to allege in the Information or Indictment the prior convictions of the defendant and have held explicitly or implicitly that the prior conviction is an element of the crime for which the increased penalty is sought. *Rauch v. Commonwealth,* 78 Pa. 490 (1875); *Commonwealth v. Payne,* 242 Pa. 394, 89 A. 559 (1913); *Halderman's Case,* 53 Pa.Super. 554 (1913); *Commonwealth ex rel. Blattenberger v. Ashe,* 133 Pa.Super. 509, 3 A.2d 287 (1939); *Commonwealth ex rel. Flory v. Ashe,* 132 Pa.Super. 405, 1 A.2d 685 (1938); *Commonwealth ex rel. Dermendzin v. Myers,* 397 Pa. 607, 156 A.2d 804 (1959); *Commonwealth v. Moses,* 441 Pa. 145, 271 A.2d 339 (1970); *Commonwealth v. Herstine,* 264 Pa.Super. 414, 399 A.2d 1118 (1979); *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979); *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980). However, in each of these cases, the recidivist statute under which the defendant was sentenced provided for an increased *maximum* sentence or an "enlarged" sentence, and it was for this reason that the Courts concluded that prior convictions had to be alleged in the Information or Indictment. The Courts held that the increased maximum sentence, or change in grade of offense, made a subsequent offense different in kind and character than a first offense.

The recidivist penalty provision of the Drunk Driving Law provided in 75 Pa.C.S. § 3731(e)(1), however, does *not* provide for an increased maximum penalty and does not alter the grade of the underlying offense. *Any* violation of § 3731 is a second degree misdemeanor. The maximum term of imprisonment for a second degree misdemeanor is two years. 18 Pa.C.S. § 1104. Yet the sentence required by 75 Pa.C.S. § 3731(e)(1)(iv) for even a fourth conviction

for drunk driving, is "not less than one year." Thus the penalties provided in the Drunk Driving Law do not change either the nature or grade of the offense, nor do they increase the maximum sentence. Because those cases which held that the Indictment or Information must contain averments of prior convictions to subject a defendant to a recidivist penalty involved statutes which it was held altered the nature and grade of the offense, they are not controlling in the instant case.

We find persuasive and relevant those cases involving the Mandatory Minimum Sentencing Act. 42 Pa.C.S. § 9712 *et seq.* The penalty provisions for driving under the influence of alcohol are similar to the provisions of the Mandatory Minimum Sentencing Act for offenses committed with firearms (42 Pa.C.S. § 9712) and certain second and subsequent offenses (42 Pa.C.S. § 9714). These statutes provide for a mandatory *minimum* sentence of five years imprisonment for conviction of certain enumerated offenses. Just as the Drunken Driving Act's mandatory minimum sentences for subsequent convictions do not change the grade or nature of the offense or increase the maximum penalty which could otherwise be imposed, so too the mandatory minimum sentences under 42 Pa.C.S. §§ 9712 and 9714 do not impose any penalty more severe than that which could be imposed if the statutes did not apply. These statutes simply remove the sentencing court's discretion to impose a lesser sentence.

Under the Mandatory Minimum Sentence Act, the factors which trigger the applicability of the recidivist provisions are not elements of the underlying offense and need not be averred in the Information. See 42 Pa.C.S. §§ 9712(b) and 9714(c). The Pennsylvania Supreme Court has recently held §§ 9712 and 9714 of the Mandatory Minimum Sentence Act to be constitutional. *Commonwealth v. Allen,* 508 Pa. 114, 494 A.2d 1067 (1985); *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985).[3] In *Allen,* the Supreme Court held

3. The United States Supreme Court has granted certiorari to review the Pennsylvania Supreme Court's decision in *Wright, sub nom. McMillan v. Pennsylvania,* —— U.S. ——, 106 S.Ct. 58, 88 L.Ed.2d 47

that a prior conviction for an offense described in 42 Pa.C.S. § 9714(b) is not an element of the crime for which a defendant subject to § 9714 is to be sentenced, and can be proven by the preponderance of the evidence. In *Wright,* the Court held that visible possession of a firearm is not an element of the crime for which a defendant subject to § 9712 is to be sentenced and that visible possession can be proven by a preponderance of the evidence.

Based on the Supreme Court's holding in *Allen* and *Wright,* as well as the fact that a prior conviction for drunken driving does not constitute an "element" of the crime of driving while under the influence of alcohol pursuant to 18 Pa.C.S. § 103 and 75 Pa.C.S. § 3731(a), we hold that under 75 Pa.C.S. § 3731, the Commonwealth is not required to allege prior convictions in the criminal Information.

## II.

Appellant argues that three of the cases cited above, *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980), *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979), and *Commonwealth v. Herstine,* 264 Pa.Super. 414, 399 A.2d 1118 (1979), should be explicitly overruled because *Commonwealth v. Moses,* 441 Pa. 145, 271 A.2d 339 (1970), upon which they rely, has been overruled *sub silentio* by the Pennsylvania Supreme Court in *Allen. Moses, Campbell, Longo* and *Herstine* involve provisions of the Liquor Code and the Retail Theft statute which provide for an increased maximum penalty and, as already discussed, they are irrelevant to the case at bar. Therefore, the continuing viability of those cases in light of *Allen* need not be decided by us.

## III.

■ Appellant's final argument is that a defendant's due process rights are adequately protected as long as the

(1985). It should be noted that the trial court did not have the benefit of the decision in either *Allen* or *Wright* at the time of its decision in the instant case.

Commonwealth establishes sentence enhancing factors, such as prior convictions, at the time of sentencing. Because of the similarities between the sentencing provisions of the Drunk Driving Law and the Mandatory Minimum Sentencing Act, which has been held to be constitutional, we find the notice provisions of the Mandatory Minimum Sentencing Act helpful as a guide to determining when the defendant must be notified of the sentence enhancement provisions of the Drunk Driving Law. The Mandatory Minimum Sentencing Act provides that notice of the Act and its recidivist penalties is not required prior to conviction, but must be provided after conviction and before sentencing. 42 Pa.C.S. §§ 9712(b) and 9714(c). Providing notice of the recidivist penalty under the Drunk Driving Law after conviction and prior to sentencing, too, will protect a defendant's due process rights.

Postponing the required notice of the penalty provision of § 3731(e) until after conviction but prior to sentencing would neither prejudice the Commonwealth nor jeopardize the due process rights of a defendant. Counsel for the parties were unable to identify any alteration in a defendant's trial tactics which would be advisible if the defendant knew before trial that the Commonwealth believed him to have prior convictions. Prior convictions have no bearing on the guilt or innocence of the defendant which would be the sole issue at trial. However, requiring the Commonwealth to provide notice to a defendant prior to trial that it intends to seek a sentence pursuant to § 3731(e)(1)(ii)–(iv) may impose a burden on the Commonwealth. The Commonwealth may not have knowledge of a defendant's prior convictions prior to a trial particularly if the defendant has a recent prior conviction or one from another jurisdiction. This information may be difficult to obtain and may take longer to acquire. However, requiring the Commonwealth to provide notice of the recidivist sentencing provision prior to sentencing will provide the Commonwealth ample opportunity to learn of prior convictions.

Although we require notice of the Commonwealth's intention to seek a sentence pursuant to the recidivist provisions prior to sentencing, the defendant still has an adequate opportunity to deny the prior conviction, challenge its timeliness, or offer any explanation for it. Therefore, notice of the recidivist penalty prior to sentencing adequately protects a defendant's due process rights.

When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. Knowledge of the higher mandatory minimum sentence for repeat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.

In the instant case, although appellee pled guilty to driving while under the influence of alcohol, he does not allege that his plea was not knowing, intelligent and voluntary. Therefore, the timeliness of the notice of the recidivist provisions is not an issue. However, because the trial court erroneously ruled that it had to consider the defendant as a first offender because prior convictions were not alleged in the Information, we must vacate the judgment of sentence and remand for resentencing.

Judgment of sentence for driving while under the influence of alcohol is vacated and the case is remanded for resentencing in accordance with this opinion. Jurisdiction is not retained.