503 A.2d 984

**COMMONWEALTH of Pennsylvania**

**v.**

**Deborah Ann GREEN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Jan. 31, 1986.

David Sigismonti, Philadelphia, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before McEWEN, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered pursuant to appellant's guilty plea to a charge of driving under the influence of alcohol. At a separate penalty hearing, appellant was sentenced to the mandatory term of 30 days to 23 months incarceration for recidivist offenders. After denial of a motion for reconsideration, this appeal was lodged.

Two issues are raised, the first of which challenges the constitutionality of the drunk driving statute. Such questions have been answered to appellant's detriment in *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985).

Appellant also claims that infringement of her due process rights occurred through the Commonwealth's failure to include in the criminal information, notice of its intention to invoke the sentence enhancement provisions applicable to habitual violators of the drunk driving law.

■ This Court has recently held in *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985), that notice of prior convictions under the statute need not be included in a complaint or information as they are not elements of the offense charged, and do not affect the maximum penalty. We would carry this rule one step further, holding that information concerning prior drunk driving convictions must be *excluded* from the charge sheet because of the potentially prejudicial effect of such data upon the fact finder. A criminal history need be presented to the sentencing authority only after conviction and prior to sentencing, *Reagan, supra,* as the penalty is mandatory and therefore "pre-fashioned", requiring no time for extensive calculations.

■ However, *Reagan* also directs that where a guilty plea is involved, notification of intent to prosecute the defendant as a recidivist must be provided to the accused prior to his entering the plea. We have already determined, contrary to appellant's contention, that an information or complaint is not the vehicle by which such notice is to be served. In appellant's case, there was oral notice given at the commencement of the plea hearing and prior to the colloquy that this was a second offense, and, therefore, fell within the ambit of the subsequent offense section of the drunk driving law. There was no objection or challenge to the validity of the conviction at that time.

At the sentencing hearing held two months later, appellant was offered the opportunity to withdraw her plea before sentence was pronounced. At that time, the court stated:

THE COURT: ... And it is my conclusion, as a matter of law that, based on the record I have in front of me, that would have to be considered a second DUI and, therefore, I would have to impose a minimum of 30 days. Now, do you understand that.

THE DEFENDANT: Yes, sir.

THE COURT: And in light of that, is it still your wish to, and intention to enter a plea of guilty to this charge?

THE DEFENDANT: Yes, sir.

S.T. at 3–4.

What appellant experienced was one of two alternative procedures we find adequate to fulfill the *Reagan* requirements: oral notice, coupled with, at a later procedure, the option of retracting the plea. The other option is, of course, written notice a reasonable time prior to entry of the plea. In either case, "... the defendant still has an adequate opportunity to deny the prior conviction, challenge its timeliness, or offer any explanation for it." *Id.*, 348 Pa.Superior Ct. at ——, 502 A.2d at 707.

Given the sequence of events in appellant's case, her due process rights have emerged intact.

Judgment of sentence affirmed.