526 A.2d 405

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Terrence LEE.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1986.

Filed May 18, 1987.

401

Sean K. Code, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Larry P. Gaitens, Pittsburgh, for appellee.

Before BROSKY, BECK and POPOVICH, JJ.

BECK, Judge:

The Commonwealth appeals the judgment of sentence for driving under the influence (DUI), 75 Pa.Cons.Stat.Ann. § 3731 (Purdon Supp.1985), entered after a guilty plea. We are asked to consider whether the sentence was illegal because the sentencing court did not impose the mandatory minimum penalty for DUI recidivists, under 75 Pa.Cons. Stat.Ann. § 3731(e)(1)(iii).[1] We reverse and remand for resentencing.

Appellee Terrence Lee was charged with one count of DUI and various summary offenses not relevant to this appeal. Lee entered a plea of guilty. No formal guilty plea colloquy was held. As a substitute for the colloquy, appellee Lee read and signed a document consisting of forty-three questions addressing whether he understood the charges against him and the consequences of pleading guilty. Question twenty-three, which deals with notice, is pertinent to the instant case. It states: "Have you discussed with your attorney or are you aware of the permissible range of sentences and/or fines that can be imposed for the offense charged." Appellee Lee wrote "yes" in the space provided. Before the guilty plea was entered formally, but after Lee had read and signed the above document, the Commonwealth attempted to make an oral motion to amend the information to include the statement that appellee had been convicted of two prior DUI charges. The motion was denied without discussion.

■ As a result, on October 1, 1985, appellee Lee was sentenced, not as a recidivist under the Drunk Driving Act,

---

1. The Commonwealth appeals of right in alleging that the sentence does not meet the requirements of § 3731. 75 Pa.Cons.Stat.Ann. § 3731(e)(4).

§ 3731(e)(1)(iii), but as a first offender, to a 48–hour commitment, a $300 fine and costs, alcohol evaluation, and safe driver program. Lee was also fined $275 on summary charges. This appeal followed.[2]

The Commonwealth presents one issue for our consideration: whether the sentence was illegal because the sentencing court failed to apply the recidivist provision of the Drunk Driving Act, 75 Pa.Cons.Stat.Ann. § 3731(e) (Purdon Supp.1986).

Section 3731(e) provides, in relevant part:

(e) Penalty—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

.     .     .     .     .

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

The Commonwealth alleges that appellee Lee had two prior DUI convictions, having been convicted, after guilty pleas, on unrelated DUI charges, in 1979 and 1980. Appellee does not contest this allegation. The trial court did not impose the recidivist mandatory minimum sentence because it found that appellee did not have notice of the Commonwealth's intent to seek the enhanced penalty.

In *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc), this court held that the Commonwealth is required to notify the accused before he enters a

---

**2.** The trial court opinion notes that the Commonwealth filed a motion for reconsideration and modification of sentence, which was denied. The record certified to us on appeal, however, contains neither such a motion nor a notation in the docket of its filing or denial. Nevertheless, we reach the sentencing issue because a challenge to the legality of a sentence is not waived by failure to file post-sentencing motions. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985).

guilty plea that it will seek a sentence pursuant to the recidivist provisions. *Id.*, 348 Pa.Superior Ct. at 598–599, 502 A.2d at 707. The court distinguished guilty plea from trial convictions. The court held that, when a defendant is convicted at trial, notice of the recidivist penalty need only be provided prior to sentencing. The court then added:

When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. Knowledge of the higher mandatory minimum sentence for repeat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.

*Id.* The court did not further explain when and how such notice must be provided, except to say that it need not be provided in the information. The statute in question, Section 3731, is silent on when notice must be given and on the nature of the notice.

■ In the case at bar, therefore, we must clarify when and how the Commonwealth was required to give notice that it intended to seek application of the recidivist provision at the sentencing of appellee. In conformance with *Reagan*, we hold that the Commonwealth must provide record notice prior to the guilty plea. That notice does not have to be included in the information, but it must be communicated to the defendant and made part of the record before a guilty plea is accepted. We may apply *Reagan* retroactively since the *Reagan* court did not make its decision prospective only. *See Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983); *Ecksel v. Orleans Const. Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987).

■ In the instant case, the Commonwealth would have satisfied its obligation if it had been permitted to amend the

information prior to the court's acceptance of appellee's guilty plea. We see no reason for denying the Commonwealth the opportunity to provide notice in this form. Pa.R. Crim.P. 229, which governs amendments to an information, does not preclude the Commonwealth from amending the information in order to provide notice of a prior offense inasmuch as such notice does not "charge an additional or different offense." *See Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986). Indeed, under *Reagan* the Commonwealth is not required to include prior offenses in the information in order for a defendant to be subject to the recidivist provision. The Commonwealth was exhibiting caution in choosing this method of providing notice.

We conclude that the sentencing court abused its discretion in denying the Commonwealth's motion to amend the information. Therefore, the court erred in relying on this lack of amendment as justification for failing to impose the mandatory minimum sentence required by § 3731(e)(1)(iii). Since the sentence imposed is less than the mandatory minimum required by statute, the sentence is illegal. We therefore remand for resentencing under 75 Pa.Cons.Stat.Ann. § 3731(e)(1)(iii) (Purdon Supp.1986).

Judgment of sentence vacated and case remanded for resentencing in accordance with this opinion. Jurisdiction is relinquished.