J-A11023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :         PENNSYLVANIA
                                      :
             v.                     :
                                        :
                                        :
MARK DAVID SMITH            :
                                        :
             Appellant         :     No. 1789 MDA 2017

Appeal from the Judgment of Sentence October 23, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001048-2017,
CP-35-CR-0001049-2017

BEFORE:   STABILE, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 29, 2018**

Appellant Mark David Smith appeals from the judgment of sentence imposed after he entered an open guilty plea to two counts of driving under the influence (DUI)—highest rate[1] and related offenses. Appellant contends that the trial court's sentence is illegal because he pled guilty to DUI as a first and second offenses, but was sentenced for DUI as second and third offenses. Appellant also challenges the discretionary aspects of his sentence. We affirm.

The relevant procedural history is as follows. On March 10, 2017, Appellant was charged with DUI and accident involving damage to attended vehicle and property[2] at CP-35-CR-0001049-2017 (CR-1049) arising from a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

[2] 75 Pa.C.S. § 3743(a).

February 8, 2017 incident. On March 29, 2017, Appellant was involved in another incident and was charged at CP-35-CR-0001048-2017 (CR-1048) with DUI on that same day.

On October 5, 2017, Appellant proceeded to a guilty plea hearing. At the hearing, the parties proceeded as if the DUI count in CR-1049 was a first offense and the DUI count in CR-1048 was a second offense. **See** N.T., 10/5/17, at 2-3. During its colloquy, the trial court informed Appellant of the ninety-day mandatory minimum for DUI as a second offense, as well as the maximum sentences for all offenses. **Id.** at 5; **see also** 75 Pa.C.S. § 3804(c).[3]

_____

[3] Section 3804(c) provides, in relevant part:

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An . . . individual who violates section 3802(c) . . . shall be sentenced as follows:
>
> > (1) For a first offense, to:
> >
> > > (i) undergo imprisonment of not less than 72 consecutive hours;
> > >
> > > (ii) pay a fine of not less than $1,000 nor more than $5,000;
> > >
> > > * * *
> >
> > (2) For a second offense, to:
> >
> > > (i) undergo imprisonment of not less than 90 days;
> > >
> > > (ii) pay a fine of not less than $1,500;
> > >
> > > * * *

After the trial court accepted Appellant's plea, Appellant's counsel requested immediate sentencing. N.T., 10/5/17, at 8. The court asked whether Appellant had any other prior charges. *Id.* Appellant's counsel responded that approximately one week earlier, Appellant pled guilty to a DUI

---

> (3) For a third or subsequent offense, to:
>
>> (i) undergo imprisonment of not less than one year;
>>
>> (ii) pay a fine of not less than $2,500[.]

75 Pa.C.S. § 3804(c).

Section 3806, in relevant part, defines a "prior offense" as follows:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]
>
> * * *
>
> **(b) Timing.--**
>
> * * *
>
>> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>>
>> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806(a)(1), (b)(2)-(3).

offense in Dauphin County (Dauphin County DUI). *Id.* at 8-9. According to Appellant's counsel, Appellant committed the Dauphin County DUI before committing the two DUIs before the court. *Id.* at 9. The Commonwealth interjected and asserted that the instant DUIs should be regarded as a second and third offense based on the Dauphin County DUI. *Id.* The court responded that the Dauphin County DUI would not constitute a prior conviction unless Appellant was sentenced for the Dauphin County DUI before the instant proceeding. *Id.* The Commonwealth agreed with the court. *Id.*

The trial court thereafter sentenced Appellant to an intermediate punishment program (IP) for fifty-seven months, with time-served on a ninety-day mandatory minimum sentence, for DUI in CR-1048, with a mandatory fine of $1,500. The court also imposed a concurrent sentence of seventy-two hours to six months' imprisonment for DUI in CR-1049, with a mandatory fine of $1,000. *Id.* at 10-11.

Five days later, on October 10, 2017, the Commonwealth filed a motion to modify Appellant's sentence. The Commonwealth averred that Appellant was sentenced for the Dauphin County DUI on September 27, 2017, five days before the sentencing hearing in CR-1048 and CR-1049. *See* Mot. for Modification of Sentence, 10/10/17, at 1. The Commonwealth requested resentencing to "correct" the sentence to account for the proper number of prior DUI convictions. *Id.* at 2.

The trial court convened a hearing on October 23, 2017. Appellant's counsel averred that she conferred with Appellant and "explained everything

to him."[4]  N.T., 10/23/17, at 4.  Specifically, Appellant's counsel stated that she informed Appellant that a DUI conviction as a third offense carried a one-year mandatory minimum sentence.  *Id.*  Appellant's counsel noted that as of the date of the hearing, Appellant would have to serve an additional five months and one week to complete the one-year minimum sentence.  *Id.*  The trial court heard from Appellant, after which it vacated its prior sentence for DUI in CR-1049 and resentenced Appellant to four years' IP, to be preceded by one year of incarceration.[5]  Appellant signed a post-sentence rights form, but did not file post-sentence motions.

Appellant filed a timely notice of appeal.  The trial court ordered a Pa.R.A.P. 1925(b) statement on November 15, 2017.  On December 15, 2017, Appellant filed a Pa.R.A.P. 1925(b) statement *nunc pro tunc* asserting that the trial court's sentence was harsh and excessive and that the court failed to state the reasons for a four year intermediate punishment sentence.  *See* Pa.R.A.P. 1925(b) Statement, 12/15/17.  The trial court filed an opinion responding to those claims.  Trial Ct. Op., 1/9/18.

---

[4] The record contains a written plea colloquy from the original October 5, 2017 plea hearing.  That form contains several handwritten alterations that changed the date to October 23, 2017, and indicated, in some places, that the DUI charges constituted second and third offenses.  The form only bears Appellant's signature dated October 5, 2017.

[5] The trial court ordered that its new sentence in CR-1049 run concurrent to its prior sentence in CR-1048.  The court also changed some of its electronic monitoring requirements in CR-1048 at Appellant's request and permitted Appellant the opportunity to serve his mandatory minimum with work release or home confinement.  The written sentencing orders suggest that the trial court imposed $2,500 in fines in CR-1048 and $1,500 in CR-1049.

Appellant presents the following issues on appeal:

1. Whether the sentencing court imposed an illegal sentence when it resentenced [Appellant] on October 23, 2017 to a tier three-third offense DUI when he had not pled to this offense[.]

2. Whether the sentencing court failed to state on the record the reason necessitating a four-year intermediate punishment sentence on the [CR-1048] DUI charge[.]

3. Whether the sentencing court imposed a harsh and excessive sentence in [CR-1049] when it imposed the maximum sentence permitted, that is, the mandatory one year incarceration plus four year intermediate punishment[.]

Appellant's Brief at 5 (full capitalization omitted).

It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses. *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017). A defendant may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. *Id.* Additionally, when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed. *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

Appellant first claims that the trial court imposed an illegal sentence for DUI as a third offense because he pled guilty to DUI as first and second offenses. Appellant does not dispute that the instant two DUI offenses "were, in fact, his second and third DUI." Appellant's Brief at 11.

Pennsylvania courts have recognized that the legality of a sentence is implicated in claims that a sentence (1) is not authorized by a statute;[6] (2) violated double jeopardy or should have merged; (3) violates the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or *United States v. Alleyne*, 570 U.S. 99 (2013); or (4) constitutes a cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014). A claim that a sentence is illegal "can never be waived and may be reviewed *sua sponte* by this Court." *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted).

In *Apprendi*, the United States Supreme Court concluded:

> **Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established beyond a reasonable doubt."

---

[6] For example, the failure to impose an applicable mandatory minimum sentence constitutes a challenge to the legality of a sentence. *See Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa. Super. 2011); *Commonwealth v. Lee*, 526 A.2d 405, 408 (Pa. Super. 1987); *see also* 75 Pa.C.S. § 3804(g) (providing for Commonwealth's right to appeal the trial court's failure to impose a mandatory minimum sentence for DUI). Additionally, the proper calculation of prior offenses under Section 3806 implicates the legality of sentence claim. *See Commonwealth v. Haag*, 981 A.2d 902, 904 (Pa. 2009) (discussing a prior version of Section 3806).

***Apprendi***, 530 U.S. at 490 (citation omitted) (emphasis added). While ***Apprendi*** addressed facts increasing the maximum sentence, the United States Supreme Court extended ***Apprendi*** principles to mandatory minimum provisions in ***Alleyne***. ***Alleyne*** 570 U.S. at 111-13. However, the ***Alleyne*** Court did not disturb the distinction between a fact increasing the permissible range of a sentence and a prior conviction. ***See id.*** at 111 n.1 ("In ***Almendarez–Torres v. United States***, 523 U.S. 224 . . . (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Thus, neither ***Apprendi*** nor ***Alleyne*** disturbs Pennsylvania's traditional view that prior convictions are sentencing factors and not substantive elements of the offense. ***See Commonwealth v. Aponte***, 855 A.2d 800, 809-10 (Pa. 2004).

In the context of a plea, it is well-settled that the Commonwealth must advise the defendant of its intent to seek a mandatory minimum.

> There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. Knowledge of the higher mandatory minimum sentence for repeat offenders may affect the defendant's decision to plead guilty even though knowledge of the recidivist penalty would not affect a defendant's defense for the crime charged. Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.

***Commonwealth v. Broaden***, 980 A.2d 124, 129-30 (Pa. Super. 2009) (citation omitted); ***accord*** Pa.R.Crim.P. 590 cmt. (providing, *inter alia*, that a

defendant must be aware of the permissible range of sentences and/or fines for the offense charged).

In *Broaden*, the defendant pled guilty to several counts of aggravated assault, among other offenses. *Broaden*, 980 A.2d at 126-127. Nearly two months after the defendant entered his plea, the Commonwealth filed a notice of its intent to seek a "second strike" mandatory minimum sentence under 42 Pa.C.S. § 9714 based on the defendant's prior conviction for robbery. *Id.* at 127 & n.2. One month later, the trial court sentenced the defendant and applied the ten-year mandatory minimum sentence called for by Section 9714. *Id.* at 127. The defendant filed a timely post sentence seeking to withdraw his plea, which the trial court denied. *Id.*

In the defendant's appeal, the *Broaden* Court concluded that the defendant's plea "was deficient" because the Commonwealth failed to fully inform him of its intent to seek a mandatory minimum sentence before his plea. *Id.* at 130 & n.4. Nevertheless, we declined to grant relief, reasoning that the Commonwealth's pre-sentence notice provided the defendant with "ample time to prepare a motion to withdraw his guilty plea" but the defendant "declined this opportunity and chose to proceed with the sentencing." *Id.* at 131. Therefore, we affirmed the judgment of sentence, holding that "[b]y opting to proceed with sentencing, [the defendant] waived his contention that

his guilty plea was not knowing because he had not been notified of the mandatory minimum sentence."[7] *Id.*

Following our review, we are not persuaded by Appellant's claim that the trial court's sentence was illegal. Appellant advances none of the traditional bases for challenging an illegal sentence. *See Lawrence*, 99 A.3d at 122. Indeed, Appellant does not dispute the accuracy of the trial court's calculation of his prior offenses, but rather relies on the procedural missteps that preceded his plea. However, even if there was a violation of the notice requirements for the entry of a valid plea,[8] Appellant did not seek to withdraw his plea even after being advised of the ramifications of the mandatory minimum sentences. *See Broaden*, 980 A.2d at 131.

Thus, we conclude that Appellant's admission to the two DUI counts authorized the trial court to account for all of Appellant's prior offenses. *See id.* at 127; *Aponte*, 855 A.2d at 809-10; *accord* 75 Pa.C.S. § 3806(a)(2) (permitting the trial court to calculate the number of prior offenses at the time of sentencing). Because prior offenses constitute sentencing enhancements rather than substantive elements of an offense, the defect in the notice of the Commonwealth's intent to seek mandatory minimum sentence did not affect

---

[7] The **Broaden** Court did not address, *sua sponte*, whether the defendant's sentence was illegal based on the procedural defect in the guilty plea process.

[8] Indeed, the change in the prior offenses not only increased the grade of one of the DUI offenses, but also increased the applicable mandatory minimum sentence. **See** 75 Pa.C.S. §§ 3803(b)(4), 3804(c).

the legality of the sentence. ***See Aponte***, 855 A.2d at 809-10. Thus, Appellant's claim that his sentence was illegal merits no relief.

Appellant's second and third questions raise challenges to the discretionary aspects of the trial court's sentence. ***See*** Appellant's Brief at 5, 12-16. However, it is well settled that:

> The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Instantly, Appellant did not preserve his issues at the sentencing hearing or in a post-sentence motion. Therefore, we are constrained to find his final two claims waived. ***See id.***

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/29/2018