COMMONWEALTH of Pennsylvania, Appellee,

v.

John McCLINTIC, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 13, 2004.

Filed May 27, 2004.

---

14. Given our resolution of this appeal, we do not reach Appellants' third issue on appeal.

Peter Rosalsky, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: BENDER, BECK and KELLY, JJ.

BECK, J.

¶ 1 Appellant, convicted of two counts each of robbery and burglary, as well as one count of indecent assault, challenges the trial court's interpretation of the statute under which he was sentenced. In addition, he asserts that the evidence was insufficient to sustain the indecent assault conviction. We affirm.

¶ 2 The facts underlying the crimes are not in dispute. As appellant concedes in his brief, he "burglarized and robbed his eighty-five year old female neighbor on two occasions while she was in her home—June 27, 2002 and July 5, 2002. The June 27, 2002 incident also resulted in a conviction for indecent assault." Appellant's Brief at 14.

¶ 3 The record establishes that on June 27th at 2:00 AM appellant broke into the elderly victim's home, came into her bedroom where she was sleeping and sat next to her on the bed. He told her that he had a gun and that he wanted money. The victim gave him all the money she had. Appellant then grabbed the woman's breast, pinched it and left.

¶ 4 The victim recognized appellant as her neighbor but didn't report the incident because she hoped appellant would leave her alone. However, eight days later, appellant again appeared in the victim's bedroom in the middle of the night. Once more he demanded money and informed her that he was armed. After taking some cash and jewelry, appellant struck the victim across the thigh and fled.

¶ 5 This time, the victim contacted police and identified appellant as her attacker. Appellant was arrested, the criminal episodes were consolidated and he was brought to trial. Appellant claimed mistaken identity; however, the jury rejected his defense and convicted him of the charges set out above.[1]

---

1. In addition to the robbery, burglary and indecent assault counts, appellant was charged with and convicted of criminal mischief (on both occasions, the victim's phone lines were cut) and possession of a controlled substance (appellant had marijuana at the time of his arrest).

¶ 6 Appellant claims first that the evidence presented at trial was insufficient to establish indecent assault. Our standard of review is whether, viewing all the evidence and all reasonable inferences in the light most favorable to the Commonwealth, every element of the crime was established beyond a reasonable doubt. *Commonwealth v. Dent*, 837 A.2d 571, 576 (Pa.Super.2003). The Commonwealth may meet its burden of proof with wholly circumstantial evidence. *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1069 (Pa.Super.2003).

■ ¶ 7 Specifically, appellant claims that there was no evidence that he touched the victim in a sexual manner, which is required under the indecent assault statute. *See* 18 Pa.C.S.A. § 3126 (indecent assault requires indecent contact) and 18 Pa.C.S.A. § 3101 (indecent contact is defined as "any touching of the sexual or other intimate parts of the [victim] for the purpose of arousing or gratifying sexual desire"). Appellant maintains that the touching here, although involving a sexual or intimate part of the victim's body (her breast) and accomplished without the victim's consent, had no sexual component; rather, it was an act of physical violence and intimidation. We cannot agree.

¶ 8 Although the evidence indicates that appellant intended to intimidate his victim, and initially was successful in doing so, that fact did not prevent the jury from concluding that the *manner* in which he accomplished his intimidation indeed had a sexual component. Appellant surprised the sleeping victim in her bedroom. He sat close to her as she lay in her bed in the middle of the night. After getting the money he sought, he reached out, grabbed her breast and pinched it forcefully. The defense argued that the circumstances surrounding the touching established that it was not sexually motivated, but the jury was free to determine appellant's intent

based on the circumstances presented. Because those circumstances support the jury's ultimate decision, the evidence was sufficient to establish the crime and appellant is not entitled to relief.

¶ 9 Appellant's remaining claims concern the statute under which he was sentenced, 42 Pa.C.S.A. § 9714, also known as the "Three Strikes" law. He alleges error on a variety of bases:

1) that the informations failed to set out the prior convictions that subjected appellant to an enhancement under § 9714, making enhancement improper;

2) that the trial court erroneously imposed an enhanced sentence for each criminal offense; and

3) that § 9714 is unconstitutional because it permits the judge, rather than a jury, to determine whether the statutory prerequisites have been met.

¶ 10 The Three Strikes law provides as follows:

Sentences for second and subsequent offenses

(a) Mandatory sentence.—

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice

shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

(a.1) Mandatory maximum.—An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

(b), (c) Deleted by Acts 2000, Dec. 20, P.L. 811, No. 113, § 2, effective in 60 days.

(d) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

(e) Authority of court in sentencing.— There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (a.1) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(f) Appeal by Commonwealth.—If a sentencing court shall refuse to apply this section where applicable, the

Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

(g) Definition.—As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S.A. § 9714.

¶ 11 In his first challenge based on the statute, appellant claims that "in an unbro-ken line of Pennsylvania cases, the Supreme Court and this Court have held that where recidivism increases the otherwise applicable statutory maximum term for an offense, the prior convictions that trigger the recidivist enhancement must be alleged in the Indictment/Information in order to confer jurisdiction to impose the enlarged sentence." Appellant's Brief at 20–21. Appellant then goes on to cite several cases that stand for this proposition. *See Commonwealth v. Moses*, 441 Pa. 145, 271 A.2d 339 (1970); *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980). *See also Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985) (*en banc*).

¶ 12 Appellant's reliance on this body of case law is inappropriate. First, none of the cases he refers to involve § 9714. Second, § 9714 explicitly sets out its own rule with respect to notice:

Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.

42 Pa.C.S.A. § 9714(d).

¶ 13 Pursuant to the plain language of the statute, the holdings in *Moses* and *Campbell* simply do no apply to § 9714. As a result appellant is not entitled to relief on this claim.[2]

2. With respect to the notice appellant did receive, we observe the following. The robbery informations stated: "Notice is hereby given that should the defendant be convicted of robbery as defined in 18 Pa.C.S. 3701(A)(1)(i), (ii), or (iii) or attempt to commit same, the Commonwealth may proceed under 42 Pa.C.S. 9714 (concerning sentences for second and subsequent offenses) and seek imposition of a mandatory sentence in accordance therewith." In addition, shortly after the verdict was announced, the trial judge stated on the record that appellant was facing a three strikes sentence. Finally, appellant does not assert that he did not have actual notice of the Commonwealth's intention to proceed under § 9714 and there is no record evidence of his making such a claim below. Instead, he argues only that the Commonwealth's pre-trial notice was inadequate un-

■ ¶ 14 Appellant next claims that even if application of § 9714 was proper in this case, the trial court erroneously interpreted the statute in fashioning the sentence as it did. The record reflects that appellant was sentenced to 25 to 50 years in prison for the robbery committed on June 27th and to a consecutive term of 25 to 50 years for the burglary committed on that same date. With regard to the second crime committed on July 5th, appellant was sentenced to 25 to 50 years in prison for robbery and a consecutive term of 25 to 50 years for burglary. The court ordered that the sentence for the June 27th crimes be served concurrently with the sentence for the events of July 5th, making the aggregate term for all four offenses 50 to 100 years.[3]

¶ 15 Appellant claims that under § 9714, the trial court was limited to imposing only a single enhanced sentence for each criminal episode, *i.e.*, each date, rather than an enhanced sentence for each offense committed. Under appellant's interpretation of § 9714, the court here was limited to imposing only two enhanced sentences, one for the crimes committed on June 27th and one for the crimes committed on July 5th.

> The object of interpretation and construction of all statutes is to ascertain and effectuate the intentions of the General Assembly. 1 Pa.C.S. § 1921(b). As a general rule, the best indication of legislative intent is the plain language of a statute. In construing the language of a statute, words and phrases are to be construed according to rules of grammar and according to their common and approved usage.

*Commonwealth v. Bradley*, 575 Pa. 141, 834 A.2d 1127, 1132 (2003) (citations omitted).

¶ 16 As we did with the previous issue, we look to the terms of the statute to determine whether appellant is entitled to relief:

> Where the person had at the time of the commission of the *current offense* previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9714(a)(2) (emphasis supplied).

¶ 17 Appellant argues that because the statute does not affirmatively state that a defendant is subject to an enhancement for "each crime of violence to [sic] which he or she is convicted," it must be that only one enhancement is permitted for each criminal episode, regardless of the number of crimes a defendant commits on a given date. *See* Appellant's Brief at 31. But § 9714(a)(2) plainly states that an enhanced sentence shall be imposed for "the current offense." Appellant's interpretation of the statute would compel us to read the law as requiring an enhancement for *"all current offenses"* or for the *"current criminal episode"* or the *"current criminal transaction."* This we cannot do. The language chosen by the legislature is quite clear; it directs that an enhancement is triggered for "the current offense."

¶ 18 Further, in the very same sentence setting out the enhancement for "the current offense," the legislature used the term "transaction" to insure that the enhancement is not imposed unless the underlying convictions prompting the enhancement arose from two separate criminal transac-

---

der *Moses,* a claim that has no merit pursuant to our analysis set out above.

3. The court also imposed a consecutive term of one to two years for indecent assault.

tions.[4] Thus, it is clear that the legislature understood the difference between the terms "offense" and "transaction" and, further, chose the former in directing when the sentencing court was required to impose an enhancement.

¶ 19 We observe that appellant makes persuasive arguments in support of his claim that only a single enhancement should apply when the Three Strikes Law comes into play. The underlying purpose of the Three Strikes Law is to insure that persons who continue to commit violent crimes are incapacitated by a prison sentence of at least twenty five years. This enhancement is considerable; without application of § 9714, appellant here would have been subject to a 10 to 20 year sentence for the burglary and a 10 to 20 year sentence for the robbery, for a maximum possible sentence of 20 to 40 years. The Three Strikes Law, if interpreted as appellant suggests, would further increase that sentence to a maximum of 25 to 50 years. Such an enhancement certainly would promote the goals of the Three Strikes Law by ensuring incapacity of the offender for a significantly long period. However, mandating enhanced sentences for each crime of violence appears to move beyond the purposes of the Three Strikes Law, as it has the potential to result in draconian sentences of 50 to 100 years or 75 to 150 years or 100 to 200 years, all for a single criminal transaction. While a sentencing court surely retains the authority to make § 9714 sentences it imposes concurrent, thereby keeping the aggregate sentence at 25 to 50 years, the potential for unduly harsh sentences remains.

¶ 20 Despite our concerns that § 9714 goes too far, and notwithstanding our approval of appellant's proposed version of the statute, we conclude that we are compelled to follow the legislative scheme that is plain from the language of the statute. "When the words of a statute are clear and free from ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). In light of the plain language of § 9714, and considering our standard of review, we conclude that the trial court correctly imposed an enhanced sentence for each enumerated offense of which appellant was found guilty.[5]

■ ¶ 21 Appellant's final claim is that § 9714 is unconstitutional. This is true, argues appellant, because the statute increases the sentence beyond the statutory maximum and permits the sentencing judge, rather than the jury, to make the factual determination that the defendant is subject to its provisions based on prior convictions for violent crimes.

¶ 22 While the precise issue appellant raises has not been decided by our state courts, it has been decided by the United States Supreme Court, thereby invalidating appellant's federal constitutional claim and calling into question the validity of his state constitutional claim.

¶ 23 In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140

---

4. The law provides an enhanced sentence for "the current offense" where the defendant "had previously been convicted of two or more such crimes of violence arising from separate criminal transactions." 42 Pa.C.S.A. § 9714(a)(2).

5. We note that even if appellant prevailed on this issue, the trial court would be authorized to impose the same sentence on remand. The court ran the sentences for each episode concurrently for an aggregate term of 50 to 100 years. Had the court been limited to only a single enhancement for each crime within a single episode, it nonetheless could have sustained its sentencing scheme by running the sentences for each episode consecutive to one another, resulting in the same aggregate sentence of 50 to 100 years.

L.Ed.2d 350 (1998), the high court held that the fact of a prior conviction may be found by a judge at time of sentencing, rather than by the jury, even if the prior conviction results in an enhancement that increases the statutory maximum sentence. Appellant argues that *Almendarez–Torres* has been "overruled in effect" by *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), but that case directs otherwise. In *Ring*, the Court held that the defendant was entitled to have a jury, rather than a judge, decide whether aggravating circumstances existed to support the imposition of the death penalty. The *Ring* court explicitly noted that *Almendarez–Torres* was not at issue:

> Ring's claim is tightly delineated: He contends only that the Sixth Amendment required jury findings on the aggravated circumstances asserted against him. No aggravating circumstances related to past convictions in his case; Ring therefore does not challenge *Almendarez–Torres v. United States*, which held that the fact of a prior conviction may be found by the judge even if it increases the statutory maximum sentence.

*Ring*, 536 U.S. at 597 n. 4, 122 S.Ct. 2428.

¶ 24 *Almendarez–Torres* remains good law and to the extent appellant makes a federal constitutional claim, it is controlling.[6] Further, with respect to appellant's state constitutional claim, the current state of the law leads us to conclude that appellant is not entitled to relief.

¶ 25 In his brief appellant argues that Article I Section 6 of our state constitution grants the right to a jury trial in all instances and, under his interpretation of that provision, the factual determination of recidivism is included within that right.[7] But this same claim has been rejected by another panel of this court.

¶ 26 In *Commonwealth v. Griffin*, 804 A.2d 1 (Pa.Super.2002), this court considered whether the appellant was correct in asserting that "Pennsylvania has long recognized a right to a jury trial to determine whether a defendant is a recidivist." *Id.* at 16. The *Griffin* court found no such right existed and went on to rely on another federal case, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[8] The *Griffin* court directed:

> When considering the propriety of a sentencing enhancement in the wake of *Apprendi*, this Court determined that it is appropriate to employ a multipart analysis. First, we must ascertain whether the enhanced sentence exceeded the statutory maximum for the crime for which the defendant was convicted. If it did, the next question is whether the enhanced sentence was based upon the fact of a prior conviction. If it was, then the sentence is constitutional. If it was not, then the sentence was unconstitutional.

*Griffin, supra*, 804 A.2d at 18.

¶ 27 We, of course, are bound by *Griffin* and cannot reach a contrary result.[9]

---

**6.** We are aware that in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court stated that it was "arguable that *Almendarez–Torres* was incorrectly decided," but it declined to overrule the case. *Id.* at 489, 120 S.Ct. 2348.

**7.** Article I, Section 6 provides that the right to trial by jury "remains inviolate."

**8.** In *Apprendi* the United States Supreme Court held that any fact that increases the prescribed statutory maximum sentence "must be submitted to a jury, and proved beyond a reasonable doubt" unless the fact at issue is "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

**9.** Appellant concedes that *Griffin* rejected the claim he raises.

¶ 28 Appellant also relies on the state constitution to assert that "history, policy, logic and fairness" militate in favor of finding § 9714 unconstitutional. He relies first on *Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593 (1999), to claim that a jury determination of his prior convictions is required. But *Williams* is inapposite; it addressed the state's former sexual offenders registration statute, also known as Megan's Law, originally set out at 42 Pa.C.S.A. §§ 9791–9799.6. *Williams* held that the law was unconstitutional because the statute made Sexually Violent Predator (SVP) status a presumption to be rebutted by the defendant at the SVP hearing and such an allocation of burdens violated due process. The *Williams* court held that the Commonwealth was required to bear the burden of demonstrating that the defendant was an SVP. *Id.* at 311–13, 733 A.2d at 607–08. *Williams* is not relevant here.

¶ 29 Appellant's remaining state constitutional argument is based primarily on federal cases, including *Ring, Almendarez–Torres*, and *Apprendi*. As our discussion above indicates, those cases do not support appellant's claim.

¶ 30 In *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), the Pennsylvania Supreme Court recommended that a party seeking to enlarge individual rights under the state constitution analyze four separate factors in an effort to distinguish the state provision from the federal. The four factors include: 1) the text of the state constitutional provision; 2) its history; 3) related case law from other states; and 4) relevant policy considerations. *Id.* at 390, 586 A.2d at 895. While the failure to set out a precise *Edmunds* analysis is not fatal to a party's claim, *Commonwealth v. Swinehart*, 541 Pa. 500, 664 A.2d 957,

961 (1995), an appellant always has a duty to support his argument in some manner, and particularly in a case in which he asserts that a statute is unconstitutional. *See id.* (a statute is presumed to be constitutional when enacted and will be invalidated only if it plainly violates the constitution). Appellant has neither followed *Edmunds* nor made any significant effort to explain why we should find that our state constitution diverges from principles of federal constitutional law in this context. *See Commonwealth v. Bond*, 693 A.2d 220, 225 (Pa.Super.1997) (appellant's failure to develop state constitutional law argument is fatal to his claim), *appeal denied*, 561 Pa. 667, 749 A.2d 465 (1999). Upon review of appellant's brief, we conclude that he simply has not set forth a compelling argument based on state constitutional principles.[10] *Id.* As a result, he is not entitled to appellate relief.

¶ 31 Judgment of sentence affirmed.

---

**10.** We are aware that our supreme court is currently considering this same issue in the context of another statute, 35 P.S. § 780–115(a). *See Commonwealth v. Aponte,* 569 Pa. 506, 805 A.2d 1210 (2002).