J-S56022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEEREMY ROACH | |
| Appellant | No. 10 MDA 2014 |

Appeal from the Judgment of Sentence of October 22, 2013
In the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0000975-2013

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 14, 2014**

Jeremy Roach ("Roach") appeals his October 22, 2013 judgment of sentence. We affirm.

The trial testimony supports the following recitation of the facts of the case. In August 2012, the nine-year-old victim, O.M., had a sleep-over at her cousin's house following their grandmother's birthday party. Notes of Testimony ("N.T."), 7/11-12/2013, at 89-91. The cousin, H.R., lives with her mother (and O.M.'s aunt), T.M.; her father, Roach; and her brother. While sleeping on the living room floor with her cousin, O.M. awoke around 1 a.m. because Roach had his hand under her shirt, touching her breast. *Id.* at 95. O.M. rolled over and Roach removed his hand. Roach stayed in the

_____

[*]     Retired Senior Judge assigned to the Superior Court.

living room for approximately a half of an hour, and then Roach went to the bathroom and finally returned to his bedroom. *Id.* at 95-97. O.M. heard Roach talk with her aunt, T.M., in their bedroom. *Id.* at 96. O.M. fell back to sleep and her family picked her up later that day. *Id.* at 98.

A few weeks later, while on a camping trip, O.M. told her cousin what Roach had done and O.M.'s older sister overheard the conversation. O.M.'s sister took O.M. to tell their mother. *Id.* at 100. The family then left the campsite and called the police that evening. *Id.* at 146-47.

O.M.'s sister, G.D., and O.M.'s mother, B.M., corroborated O.M.'s version of events as to how she informed the family of the incident. *Id.* at 127-29, 139-40. Both G.D. and B.M. also testified that O.M. was upset and crying when she related the incident. *Id.* at 128, 140.

T.M. testified that, after receiving a phone call, she and Roach went to bed around midnight. T.M. stated that, to her knowledge, Roach did not get out of bed and that she did not wake up during the night. *Id.* at 165-66, 170. H.R., O.M.'s cousin, testified that she was not disturbed by any noises on the night that O.M. slept over and that O.M. appeared fine the next morning. *Id.* at 185-86.

Roach testified that he received a phone call around 11:30 p.m. and then went to bed close to midnight. Roach denied getting out of bed until the next morning around 7:30. *Id.* at 192. Roach also denied ever having inappropriate contact with O.M. *Id.* at 193.

Roach was charged with unlawful contact with a minor, corruption of the morals of a minor, and indecent assault of a person less than thirteen years of age.[1] On July 12, 2013, following a two-day jury trial, Roach was found guilty of all three charges. On October 22, 2013, Roach was sentenced to two to twelve months in county jail for unlawful contact with a minor. Roach was sentenced to three years of probation on each of the other two charges. The three sentences were ordered to run concurrently with each other.

On October 24, 2013, Roach filed a timely post-sentence motion in which he challenged the weight and sufficiency of the evidence and sought a stay of his sentence pending appeal. On December 4, 2013, the trial court found that the evidence had been insufficient to sustain the conviction for unlawful contact.[2] Thus, the trial court vacated the incarceration sentence imposed for that crime.

On December 26, 2013, Roach filed a notice of appeal. On January 6, 2014, the trial court ordered Roach to file a concise statement of errors

---

[1]   18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1)(ii), and 3126(a)(7), respectively.

[2]   The trial court originally scheduled a re-sentencing hearing. However, at the hearing, the trial court agreed with defense counsel's argument that Roach could not be re-sentenced on the remaining two counts because those sentences had not been disturbed in the adjudication of the post-sentence motion. N.T., 12/23/2013, at 4-5. Therefore, the trial court vacated the two- to twelve-month jail sentence and left the three years of probation unchanged. *Id.* at 5.

complained of on appeal pursuant to Pa.R.A.P. 1925(b). Roach timely complied. On March 11, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion.

Roach raises two issues for our consideration:

I. Whether the verdict of guilty as to indecent assault [and] corruption of minors was against the greater weight of the evidence on the following grounds: the greater weight of the evidence presented at trial established that, based upon the location of the alleged victim, and [Roach], as well as other individuals, it would have been impossible for [Roach] to commit the acts as alleged; the greater weight of the evidence presented at trial, did not establish an opportunity for [Roach] to commit the offenses, and [Roach] had no propensity to commit the offenses.

II. Whether the evidence was insufficient to support the jury verdict as to indecent assault and corruption of minors in that, based upon the location of the alleged victim, and [Roach], as well another individuals, it would have been impossible for [Roach] to commit the acts as alleged; the greater weight of the evidence presented at trial, did not establish an opportunity for [Roach] to commit the offenses, and [Roach] had not propensity to commit the offenses.

Roach's Brief at 4.

Roach first challenges the weight of the evidence presented at trial.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. ***Commonwealth v. Widmer***, 744 A.2d 745, 751–52 (Pa. 2000); ***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Widmer***, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight

with all the facts is to deny justice.'" **Id.** at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 744 A.2d at 753 (emphasis added).

**Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations modified).

Roach argues that O.M.'s version of events was impossible. Specifically, Roach asserts that it was impossible for Roach to have committed the acts described by O.M. without waking either his daughter who was next to O.M. or T.M. who was in the bedroom a few feet away. Roach contends that O.M. was fine the next morning and did not report the incident until weeks later. Roach argues that O.M. only concocted the story

because she admittedly does not like Roach. Roach asserts that there was no evidence of his propensity to commit such a crime and his character witnesses proved that he has a reputation for "moral chastity." Roach's Brief at 12-13.

The trial court found that, "[w]here the testimony of the victim is all that is necessary [to prove the crime], and that testimony is not so incredible that it cannot be believed, we cannot find that the verdicts of guilty on charges of indecent assault and corruption of minors are so contrary to the evidence as to shock one's sense of justice." Trial Court Opinion ("T.C.O."), 3/11/2014, at 7. Roach essentially asks us to find that the trial court abused its discretion for refusing to reverse the jury's apparent finding that O.M. was credible.

"Credibility issues are decided by the jury and appellate courts rarely overturn jury factual findings that are based on credibility determinations." **Commonwealth v. Burns**, 765 A.2d 1144, 1149 (Pa. Super. 2000). "The jury was free to believe all, part or none of the evidence presented and to assess the credibility of the witnesses." **Id.** at 1150. Although Roach characterizes O.M.'s testimony as incredible, the jury believed her. The trial court found that the weight of the evidence did not compel a different result. Upon our review of the record, we discern no basis to conclude that the trial court abused its discretion in denying Roach's request for a new trial.

In his second issue, Roach challenges the sufficiency of the evidence presented at trial. Roach reiterates the same arguments for his sufficiency

challenge as he did for his weight challenge. Roach again argues that O.M.'s testimony was incredible and that the events could not have occurred as O.M. described them. Roach's Brief at 15-16.

Roach's arguments are misplaced. As discussed above, the matter of a witness' credibility is a question of weight and not sufficiency. However, to the extent Roach does raise an issue of sufficiency, we conclude that the evidence was sufficient to sustain his convictions.

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses." A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

*Commonwealth v. Snyder*, 870 A.2d 336, 346 (Pa. Super. 2005) (citations and quotation marks omitted).

Roach was convicted of indecent assault:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

> (7) the complainant is less than 13 years of age

18 Pa.C.S.A. § 3126. Indecent contact is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. "[I]n a prosecution for

sex offenses, a guilty verdict may rest on the uncorroborated testimony of the victim." **Commonwealth v. Owens**, 649 A.2d 129, 133 (Pa. Super. 1994); 18 Pa.C.S.A. § 3106.

O.M. testified that Roach reached under her shirt while she was sleeping and touched her breast. We have found that similar actions are sufficient to constitute indecent assault. **Commonwealth v. McClintic**, 851 A.2d 214, 216 (Pa. Super. 2004), *rev'd on other grounds*, 909 A.2d 1241 (Pa. 2006) (holding that defendant grabbing victim's breast for purposes of intimidation was sufficient to prove indecent assault)[3]; **Commonwealth v. Richter**, 676 A.2d 1232, 1236 (Pa. Super. 1996) (holding that "put[ting] his hands under [victim's] shirt and fondl[ing] her breasts" sufficient to constitute indecent assault). O.M.'s testimony was sufficient to prove indecent assault.

Roach was also convicted of corruption of minors, which is defined as:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii). "[A]ctions that would offend the common sense of the community and the sense of decency, propriety, and morality

---

[3] The Supreme Court reversed **McClintic** on the issue of enhanced sentencing, but did not reverse on the sufficiency of the evidence for indecent assault issue.

which most people entertain, are actions that tend to corrupt the morals of a minor." ***Commonwealth v. Smith***, 863 A.2d 1172, 1177 (Pa. Super. 2004) (citation and quotation marks omitted). Again, O.M.'s testimony is sufficient to sustain the conviction because the acts that she described unquestionably "offend . . . the sense of decency." We have found that these acts constitute corruption of the morals of a minor. ***See Commonwealth v. Robinson***, 931 A.2d 15, 25 (Pa. Super. 2007) ("Here, we conclude that [the a]ppellant's touching of the minor victim's breasts constitutes corruption of minors."). Viewing the evidence in the light most favorable to the Commonwealth, Roach's sufficiency challenge cannot prevail.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014