J-A17009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: R.H., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: R.H., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2339 EDA 2018 |

Appeal from the Order Entered July 16, 2018
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s):  CP-51-JV-0002187-2017

BEFORE:  PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:             **FILED NOVEMBER 19, 2019**

R.H., a minor, appeals from the July 16, 2018 dispositional order entered in the Court of Common Pleas of Philadelphia County, following his adjudication of delinquency for indecent assault, 18 Pa. C.S.A. § 3126(a)(1), and harassment, 18 Pa. C.S.A. § 2709(a)(1). In this appeal, R.H. presents a challenge to the sufficiency of the evidence. After careful review, we affirm.

At Strawberry Mansion High School in Philadelphia, PA, R.H., a 16-year old student, abruptly left his English class during an exam and without permission. Victim, a first-year teacher, notified the school's administration that R.H. left her classroom.

Shortly thereafter, R.H. attempted to reenter the classroom and Victim informed him that he was not allowed to return to class. Disobeying her instruction, R.H. physically forced his way into the classroom by shoving Victim away from the door. Once inside, he circled the classroom's perimeter

for a short period. He then proceeded to the front of the classroom, near the door, to where Victim was standing. Victim was holding a clipboard away from her body at chest level. Before leaving the classroom, R.H. approached Victim and reached his hand underneath her clipboard, touching the right side of her breast for approximately two seconds.

R.H. then left the classroom. Victim closed the door behind R.H. as he exited. Thereafter, Victim told a nearby staff member that R.H. touched her inappropriately.

R.H. was arrested and charged with indecent assault and harassment. At the conclusion of the adjudication hearing, the trial court, acting as the fact-finder, adjudicated R.H. delinquent for harassment and indecent assault. After a dispositional hearing, the trial court entered an order placing R.H. at the Glen Mills School for Boys.  This timely appeal followed.

R.H.'s sole challenge on appeal is to the sufficiency of the evidence underlying his conviction for indecent assault. R.H. argues that the touching here, although involving Victim's breast, lacked a sexual component. **See** Appellant's Brief, at 7. He argues that his impertinent act was done out of defiance, rather than for the purpose of sexual gratification. **See id**. As such, R.H. concludes that the evidence was insufficient to sustain his adjudication for indecent assault, and therefore the judgment should be reversed. **See id**., at 10. We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict

- 2 -

winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the fact-finder to find every element of the crime beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Id**. (citation omitted). Any doubt raised as to the defendant's guilt is to be resolved by the trier of fact. **See id**. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Furthermore, a mere conflict in the testimony of the witness does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence. **See Commonwealth v. Baskerville**, 681 A.2d 195, 200 (Pa. Super. 1996).

To sustain a conviction for indecent assault, the Commonwealth must prove that R.H. had "indecent contact with the [Victim] . . . without [] [her] consent." 18 Pa. C.S.A. § 3126(a)(1). Indecent contact is defined as "[a]ny

- 3 -

touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa. C.S.A. § 3101. Here, we discern no error in the trial court's conclusion that R.H. was delinquent of indecent assault. Based on the certified record, it is evident that R.H. had non-consensual contact with Victim's right breast. *See* N.T., Hearing, 03/14/18, at 9-10. Moreover, the evidence supports the trial court's conclusion that R.H. touched Victim's breast to arouse sexual gratification because he targeted an intimate part of her body. *See* Trial Court Opinion, 10/9/18, at 3. The evidence supports an inference that R.H. intentionally targeted an intimate part of the victim, as R.H. had to reach around a clipboard to touch the Victim's breast. *See* N.T., Hearing, 3/14/18, at 11.

While R.H.'s interpretation of the evidence is not inherently unreasonable, the court, sitting as fact-finder, was free to find otherwise. *See Commonwealth v. McClintic*, 851 A.2d 214 (Pa.Super. 2004), *rev'd on other grounds*, 909 A.2d 1241 (Pa. 2006) (holding that a burglar's intentional grab and pinch of a victim's breast was sufficient to allow a jury to conclude the touching was for the purpose of sexual gratification). Therefore, we conclude the evidence was sufficient to sustain the order adjudicating R.H. delinquent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/19/19</u>