J-S30041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEON MORANCIE | : | |
| | : | |
| Appellant | : | No. 2904 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 27, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000427-2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED FEBRUARY 12, 2024**

Leon Morancie ("Morancie") appeals from the judgment of sentence imposed after a jury convicted him of one count of indecent assault.[1]  We affirm.

Because we detail the underlying facts in our analysis of Morancie's sufficiency claim, we briefly note here the following background of this appeal. The victim was a client at Heaven Spa in Jenkintown.  *See* Trial Court Opinion, 1/13/23, at 1.  Morancie was her massage therapist.  *See id*.  During a massage in March 2020, Morancie commented on the victim's physique, touched her labia several times, and parted her labia with his finger.  *See id*.

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

A jury convicted Morancie of the above offense. The trial court subsequently sentenced Morancie to three to twenty-three months in prison and ordered him to register as a Tier 1 offender under 42 Pa.C.S.A. § 9799.14 of Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"). Morancie's classification as a Tier 1 offender requires him to register as a sex offender for fifteen years. Morancie filed timely post-sentence motions, which the trial court denied. This timely appeal followed.[2]

Morancie raises two issues on appeal:

1.  [Whether t]he evidence produced at trial was insufficient to convict [Morancie] of indecent assault, in that:

    a. there was no evidence presented at trial that [Morancie] had contact with [the victim] for the purpose of arousing sexual desire in either [the victim] or [Morancie] himself;

    b. there was no evidence presented at trial that [Morancie] had indecent contact with [the victim], as that term is defined by 18 Pa.C.S.[A.] § 3101[?]

2.  [Whether] the sentence imposed by the court is illegal as it constitutes a violation of [Morancie's] right to reputation pursuant to the Pennsylvania constitution and is likewise illegal in that it is a sentence that is in excess of the statutory maximum provided by law as a result of the SORNA reporting requirements[?]

Morancie's Brief at vi (unnecessary capitalization omitted).

_____

[2] Morancie and the trial court complied with Pa.R.A.P. 1925. Morancie's Rule 1925(b) statement asserted, for the first time, that his sentence was illegal because Subchapter H violated his right to reputation pursuant to the Pennsylvania Constitution and because the fifteen-year registration requirement exceeded the statutory maximum penalty for indecent assault. *See* Rule 1925(b) Statement, 12/12/22, at 1 (unnumbered).

In his first issue, Morancie challenges the sufficiency of the evidence underlying his conviction for indecent assault. *See* Morancie's Brief at 6-11. Pertinently:

> [w]e review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citations and quotation marks omitted).

Regarding indecent assault, the Crimes Code states in relevant part:

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent.

18 Pa.C.S.A. § 3126(a)(1).

We have explained:

> [t]he separate crime of indecent assault was established because of a concern for the outrage, disgust, and shame engendered in the victim rather than because of physical injury to the victim. Due to the nature of the offenses sought to be proscribed by the indecent assault statute, and the range of conduct proscribed, the statutory language does not and could not specify each prohibited act.

*Commonwealth v. Provenzano*, 50 A.3d 148, 153 (Pa. Super. 2012) (citation omitted).

Morancie argues:

there was no evidence presented at trial that [Morancie] had indecent contact with the victim for the purpose of arousing either himself or the victim. While there was evidence that [Morancie] made contact with the victim's labia, she testified that his contact with her buttocks was normal for a massage and that the labia and buttocks are in the same area. The evidence suggests an inadvertent touch, rather than an intentional touching.

Morancie's Brief at 5.

The trial court detailed the evidence at trial:

[The victim] testified [Morancie] was her massage therapist . . . at Heaven Spa in Jenkintown, PA. (N.T. Jury Trial, 3/7/22, at 67, 69-70). [The victim] had never received a massage at this location and did not know [Morancie]. (*Id*. at 68-69). [The victim] disrobed for the massage and situated herself on the massage table under a blanket which covered the area from the middle of her back to her feet. (*Id*. at 70-71). [Morancie] subsequently entered the room and began to massage [the victim's] upper back, shoulders[,] and neck. (*Id*. at 71). [Morancie] proceeded to massage [the victim] further down her body and when he reached her legs, he repositioned the blanket so that [the victim's] legs, vaginal area and half her buttock area were exposed. (*Id*.). While [Morancie] was massaging [the victim's] legs, he began to comment about her physical appearance including the tone and complexion of her legs. (*Id*. at 71-72). [Morancie] also asked if [the victim] ran track and, when she responded in the affirmative, [Morancie] stated that he "could tell" by looking at her legs. (*Id*. at 72).

[The victim] indicated that following this comment, [Morancie] began to direct the massage towards her buttocks and vaginal opening. (*Id*. at 73). [Morancie] touched [the victim's] buttocks and rubbed her labia approximately two (2) or three (3) times. (*Id*. at 73-74). [The victim] testified that she knew that these actions were intentional. (*Id*. at 73). [Morancie] proceeded to open her labia and asked if he could do her a favor. (*Id*.). [The victim] responded "no thanks" and [Morancie] stated "come on, don't be like that" and asked[,] "is it because you have a boyfriend?" (*Id*.). [The victim] stated "no" and said it was because "I just don't want you to." (*Id*.). Following this

- 4 -

exchange, [Morancie] stopped touching [the victim's] vagina and continued the massage for an additional fifteen [] to twenty [] minutes. (***Id***.). [The victim] testified that although she had received massages in the past where the masseuse's hands had inadvertently touched her vaginal area, this specific incident felt intentional due to the length of the touching and [Morancie's] comments during the act. (***Id***. at 104).

Trial Court Opinion, 1/13/23, at 4-5.

The trial court rejected Morancie's sufficiency claim, stating:

[v]iewing this evidence in a light most favorable to the Commonwealth plainly supports a finding beyond a reasonable doubt that [Morancie] committed an indecent assault on [the victim]. ***See Commonwealth v. Vogelsong***, 90 A.3d 717, 718 (Pa. Super. 2014). [Morancie's] actions of rubbing and opening [the victim's] labia while simultaneously uttering suggestive remarks demonstrates [Morancie] engaged in these actions for the purpose of arousing sexual desire. ***See Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) [] (holding factfinder was free to infer defendant's comments that victim was sexy and "he would like to do some things to her" revealed that his intimate touching [grabbing the victim and inserting his tongue inside her mouth] was done for purpose of arousing or gratifying sexual desire such that evidence was sufficient to support conviction for indecent assault). [Morancie's] contact with [the victim] was not accidental as indicated by the amount of times he touched her labia in addition to his attempt to open her labia. [Morancie's] comments during these actions encompass an element of sexual desire or gratification that is sufficient to establish a sexual component to [his] actions.

To the extent [Morancie] claims [the victim's] testimony alone was not sufficient to demonstrate [he] committed an indecent assault, it is well settled that "even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." ***Commonwealth v. Crosley***, 180 A.3d 761, 768 (Pa. Super. 2018) [] (internal citation omitted). Additionally, to the extent [Morancie] asserts that the evidence fails to establish that he acted with the purpose of arousing sexual desire in [the victim], this claim has no validity considering "there is no statutory requirement that a defendant's actions have the purpose of arousing sexual desire in the victim" for a conviction of indecent

assault. ***Commonwealth v. Leatherby***, 116 A.3d 73, 81-82 (Pa. Super. 2015).

***Id***. at 5-6 (some citation formats altered).

We affirm based on the trial court's reasoning. The jury, sitting as the factfinder, rejected the possibility Morancie "inadvertently" touched the victim's labia several times. To the contrary, the jury credited the victim's testimony, and, as the trial court stated, it is well-settled "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citations and quotation marks omitted). Further, the above testimony concerning the repeated, non-consensual touching of the victim's labia and Morancie's comments and statements to the victim was sufficient to prove he intentionally touched the victim for the purpose of arousing or gratifying his own sexual desire and sustain a conviction for indecent assault. ***See Commonwealth v. Smith***, 863 A.2d 1172, 1177 (Pa. Super. 2004) (holding touching of breast and vagina sufficient to establish indecent contact for purpose of arousing or gratifying sexual desire); ***Commonwealth v. McClintic***, 851 A.2d 214, 216 (Pa. Super. 2004) (holding burglar's intentional grab and pinch of victim's breast was sufficient for factfinder to conclude touching was for the purpose of sexual gratification), ***rev'd on other grounds***, 909 A.2d 1241 (Pa. 2006). Morancie's first claim does not merit relief.

In his second issue, Morancie challenges his fifteen-year registration requirement pursuant to SORNA. *See* Morancie's Brief at 11-21. He first claims SORNA violates his due process rights under Art. 1, § 1 of the Pennsylvania Constitution by infringing on his right to reputation. *See id*. at 11-20 (discussing *In re J.B.*, 107 A.3d 1, 19-20 (Pa. 2014) (holding that the former version of SORNA's lifetime registration requirement was unconstitutional as applied to *juveniles*)). He next contends his fifteen-year registration requirement is illegal because it exceeds the statutory maximum sentence for indecent assault. *See id*. at 20-21.

As to Morancie's constitutional argument, both the trial court and the Commonwealth maintain Morancie waived his right-to-reputation claim because he raised it for the first time in his Rule 1925(b) statement. *See* Trial Court Opinion, 1/13/23, at 6-7; Commonwealth's Brief at 8-10; *see also* Post-Sentence Motions, 7/6/22, at 1-3 (unnumbered); Rule 1925(b) Statement, 12/12/22, at 1 (unnumbered). The trial court acknowledged our Supreme Court's holding in *Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022), that constitutional challenges to SORNA implicating the legality of sentence are not waivable. *See* Trial Court Opinion, 1/13/23, at 7 & n.2. However, citing *Commonwealth v . Carr*, 262 A.3d 561 (Pa. Super. 2021), the trial court determined Morancie's right-to-reputation claim was subject to waiver. *See id*.

We agree with the trial court's waiver analysis. Our Supreme Court has held that constitutional challenges to SORNA which implicate the legality of sentencing cannot be waived. **See Thorne**, 276 A.3d at 1196. However, Pennsylvania courts have consistently held that constitutional challenges based solely on the right to reputation are waived if not raised in the trial court and do not implicate the legality of sentencing. **See Commonwealth v. Muniz**, 164 A.3d 1189, 1195 n.7 (Pa. 2017) (holding Muniz's right-to-reputation claim was waived); **Carr**, 262 A.3d 561 (concluding a right-to-reputation claim raises constitutional questions but has not been recognized as a non-waivable legality of sentencing issue);[3] **Commonwealth v. Snyder**, 2060 EDA 2019, 2023 WL 315608 (Pa. Super. 2023) (unpublished memorandum at *2) (same).[4]

Here, Morancie attempts to avoid waiver by labeling his right to reputation challenge to SORNA as a non-waivable challenge to the legality of sentence. **See** Morancie's Brief at 11. However, Morancie neither discusses waiver, nor explains why his challenge to SORNA implicates the legality of sentence. **See id**. at 11-20. Morancie does not allege his sentence violates

_____

[3] While our Supreme Court decided **Thorne** after **Muniz** and **Carr**, we do not believe **Thorne** impacts those prior decisions holding stand-alone claims invoking right to reputation claims can be waived.

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

either the United States Constitution's or the Pennsylvania Constitutions' ban on cruel and unusual punishment. *See* Morancie's Brief, at 11-20. He also does not argue his sentence implicates *Apprendi*.[5] *See id*. Thus, Morancie's right-to-reputation claim does not implicate the legality of sentence, and we conclude it is waived. *See Commonwealth v. Armolt*, 294 A.3d 364, 376-80 (Pa. 2023) (stating merely labeling a constitutional challenge as a legality of sentencing claim is insufficient to avoid waiver and finding waiver of an appellant's constitutional challenges appropriate where the appellant neither explained why his challenges implicated the legality of sentence nor argued for an expansion of the limited categories of legality of sentence claims).[6]

---

[5] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[6] As part of his right-to-reputation claim, Morancie cites two research papers challenging the legislative finding that sexual offenders pose a high risk of reoffending. *See* Morancie's Brief at 18-19. We note that in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), our Supreme Court vacated a court of common pleas order holding Subchapter H was punitive and violated constitutional sentencing rights under *Apprendi* and against cruel and unusual punishment. *See Torsilieri*, 232 A.3d at 581-82, 596. We further recognize our Supreme Court remanded that case for further consideration of whether there was a sufficient "scientific consensus" to overturn the legislature's findings concerning rates of recidivism among sexual offenders and the effectiveness of the registration and notification provisions of Subchapter H. *See Torsilieri*, 232 A.3d at 587-88, 596. On remand, the court of common pleas again found Subchapter H unconstitutional, and our Supreme Court heard oral arguments in May 2023. *See Commonwealth v. Torsilieri*, 97 MAP 2022.

Morancie, however, makes no claim based on *Torsilieri*, does not develop an argument that Subchapter H is punitive, and does not request a remand for consideration of scientific evidence. Absent clear arguments by Morancie or a

*(Footnote Continued Next Page)*

As to Morancie's claim his sentence is illegal because SORNA's fifteen-year registration requirement exceeds the statutory maximum sentence of imprisonment for indecent assault, he raises a traditional challenge to the legality of a sentence that is nonwaivable. *See Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa. Super. 2017) ("Legality of sentence issues occur . . . when the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly") (citation and quotation marks omitted). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019) (citation omitted).

In *Commonwealth v. Strafford*, 194 A.3d 168 (Pa. Super. 2018), this Court addressed and rejected a similar issue. We stated:

> SORNA's registration requirements are . . . separate and apart from [the] term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

---

determination from our Supreme Court that Subchapter H is unconstitutional, we construe Morancie's claim as the type of stand-alone right-to-reputation argument deemed waived in *Muniz*, *Carr*, and *Snyder*. *Cf*. *Armolt*, 294 A.3d at 376-80. Should our Supreme Court hold Subchapter H unconstitutional, Morancie may seek relief from his registration requirements at that time. *See Commonwealth v. Villanueva-Pabon*, --- A.3d ---, --- n.13, 2023 WL 7137301 at *7 n.13 (Pa. Super. filed Oct. 31, 2023).

*Strafford*, 194 A.3d at 173.  Morancie does not discuss *Strafford* in his brief, and, in fact, does not point to any legal support for his claim his sentence is illegal.  *See* Morancie's Brief at 20-21.  *Strafford* remains binding on this Court.  *See Commonwealth v. Summers*, 245 A.3d 686, 700 (Pa. Super. 2021) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court") (citation omitted).  Morancie's challenge to the legality of his sentence does not merit relief.

For the reasons discussed above, we conclude Morancie's claims are either waived or lacking in merit.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024