J-S51017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD K. EISAMAN | : | |
| | : | |
| Appellant | : | No. 491 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-SA-0000079-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:          **FILED NOVEMBER 07, 2019**

Appellant, Edward K. Eisaman, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his guilty plea to driving without a license at 75 Pa.C.S.A. § 1501(a).  We vacate and remand.

In its opinion, the trial court sets forth the relevant facts and procedural history of this appeal as follows:

> On March 21, 2017, Appellant…appeared before Magisterial District Judge David H. Judy ("MDJ Judy") and was found guilty of Driving while Operating Privilege is Suspended or Revoked ("Driving Under Suspension") in violation of 75 Pa.C.S.A. § 1543 (a).  Shortly thereafter, on April 5, 2017, Appellant filed with the Dauphin County Court of Common Pleas a Notice of Appeal from his summary conviction.  On September 18, 2017, Appellant, represented by privately-retained counsel, appeared before the undersigned for a Summary Appeal Hearing.  At said Hearing, Appellant withdrew his Summary Appeal, and, therefore, this [c]ourt upheld MDJ Judy's finding of guilt as to the Driving Under

Suspension charge.[1]

On November 23, 2018, Appellant filed a *Nunc Pro Tunc* Motion to Reinstate Summary Appeal ("Motion to Reinstate"). In the Motion to Reinstate, Appellant conceded that on January 25, 2017, at the time the underlying traffic stop allegedly occurred, his license had been suspended pursuant to an alleged February 7, 2013 violation of 75 Pa.C.S.A. § 3310(a) (Following Too Closely). Appellant stated, however, that his Following Too Closely violation had since been vacated and replaced with a violation of 75 Pa.C.S.A. § 3111 (Failure to Obey Traffic Control Devices). Appellant averred that the Failure to Obey Traffic Control Devices offense did not carry the same license suspension that resulted from the Following Too Closely violation. Therefore, Appellant argued that if the Following Too Closely violation had been vacated at the time of the January 25, 2017 traffic stop, his license would not have been suspended at the time of said traffic stop. Consequently, Appellant requested that this [c]ourt reinstate his Summary Appeal at the instant docket so that he could defend against the charge of Driving Under Suspension.

On December 18, 2018, this [c]ourt issued an Order granting Appellant's Motion to Reinstate his Summary Appeal. On February 26, 2019, Appellant appeared for a second Summary Appeal Hearing…before the undersigned.

(Trial Court Opinion, filed May 23, 2019, at 1-2) (internal emphasis omitted).

During the February 26, 2019 hearing, the Commonwealth amended Appellant's charge to driving without a license, 75 Pa.C.S.A. § 1501(a); Appellant did not object to the amendment. After the court permitted the

---

[1] Appellant withdrew his appeal so he could resolve the February 7, 2013 previous traffic charge that would directly affect the traffic violation charged in this case. Specifically, the February 7, 2013 violation that gave rise to the enhanced penalty of a license suspension was vacated on September 27, 2018, which in turn called into question the current conviction for driving under suspension.

Commonwealth to amend the offense, the following exchange occurred:

> THE COURT: Okay. May we have [Appellant] sworn in, please?
>
> * * *
>
> THE COURT: Okay. [Appellant], you now are facing an amended citation, which is driving without a license, a second or subsequent offense. Do you understand that?
>
> [APPELLANT]: Yes, Your Honor.
>
> THE COURT: To that charge how do you plead?
>
> [APPELLANT]: Guilty.
>
> THE COURT: I think the statutory fine is now $1,000.
>
> * * *
>
> THE COURT: But that was the second or subsequent offense. Let's take a look here, folks. They recently amended the statute.

(N.T. Summary Appeal Hearing, 2/26/19, at 3). The Commonwealth then read into the record the language of 75 Pa.C.S.A. § 6503(d), a recidivist provision under the Motor Vehicle Code.

The trial court opinion continues:

> Because of Appellant's extensive driving record,[1] and because the instant matter involved a second or subsequent Driving Without a License conviction, this [c]ourt sentenced Appellant [on February 26, 2019,] to a $1,000 fine and [thirty (30) to ninety (90) days'] incarceration in Dauphin County Prison.
>
> [1] While it appears that the Commonwealth failed to have Appellant's Certified Driving Record entered into the official record, said Driving Record was shown to the [c]ourt and discussed at a sidebar conference with

- 3 -

> the [c]ourt in the presence of both parties' attorneys before Appellant entered his guilty plea. The Appellant's said driving record was notably rife with numerous moving traffic violations, as well as numerous prior convictions for Driving While Under Suspension, plus at least one (1) prior conviction for Driving Without A License (75 Pa.C.S.A. § 1501(a)).

(Trial Court Opinion at 2) (internal footnote omitted). Immediately following sentencing, Appellant objected on the record as follows:

> [DEFENSE COUNSEL]: Your Honor, our deal wasn't based on a 30-day sentence.
>
> * * *
>
> [DEFENSE COUNSEL]: When I talked to the District Attorney—
>
> THE COURT: Whoa. Whoa. You can't make a deal with regards to a sentence without the [c]ourt being apprised of it and going along with it. And you never, ever said anything about that when you came up here. So, [c]ounsel, that is your error.
>
> [DEFENSE COUNSEL]: Your Honor, I have never entered into a deal with anyone that included prison time.
>
> THE COURT: Well, you just did, right now.
>
> [DEFENSE COUNSEL]: I was not aware—
>
> THE COURT: If you didn't check the statute, [c]ounsel, shame on you.
>
> [DEFENSE COUNSEL]: I did, Your Honor.
>
> THE COURT: Well, then you would have known that that was part of it.
>
> [DEFENSE COUNSEL]: Your Honor—
>
> THE COURT: I am not going to debate it

- 4 -

anymore. …

(N.T. Summary Appeal Hearing at 6).

On March 12, 2019, Appellant filed a motion for reconsideration of sentence, requesting a more lenient sentence. Appellant filed a timely notice of appeal on March 27, 2019. The court ordered Appellant on March 28, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). That same day, the court denied Appellant's reconsideration motion. Appellant timely filed a concise statement on April 17, 2019.

Appellant raises the following issues for our review:

> WHETHER THE COURT ERRED IN THAT IT DID NOT ADVISE [APPELLANT] OF THE EXISTENCE AND APPLICABILITY OF THE RECIDIVIST STATUTE, NAMELY 75 PA.C.S.[A.] § 6503, PRIOR TO ACCEPTING HIS GUILTY PLEA TO A CHARGE OF 75 PA.C.S.[A.] § 1501(A) (DRIVING WITHOUT A LICENSE)[?]
>
> WHETHER THE COURT ERRED IN THAT IT FAILED TO GIVE [APPELLANT] THE OPTION TO WITHDRAW HIS GUILTY PLEA AND PROCEED TO TRIAL AFTER IT IMPOSED A HARSHER SENTENCE THAN THE ONE NEGOTIATED BETWEEN THE COMMONWEALTH AND [APPELLANT][?]
>
> WHETHER THE COURT'S SENTENCE OF THIRTY (30) TO NINETY (90) DAYS' INCARCERATION WAS A MANIFEST ABUSE OF DISCRETION AND WAS CONTRARY TO THE FUNDAMENTAL NORMS WHICH UNDERLIE THE SENTENCING PROCESS FOR A TRAFFIC VIOLATION THAT IS A SUMMARY OFFENSE, AND AS SUCH, THE COURT ERRED IN ISSUING SUCH A SENTENCE[?]
>
> WHETHER THE COURT ERRED DURING SENTENCING IN FAILING TO ADVISE [APPELLANT] OF THE RIGHT TO APPEAL AND THE TIME LIMITS WITHIN WHICH TO EXERCISE THAT RIGHT, THE RIGHT TO PROCEED *IN FORMA PAUPERIS* AND WITH APPOINTED COUNSEL TO THE EXTENT PROVIDED IN

PA.R.CRIM.P. 122(A), AND OF THE QUALIFIED RIGHT TO
BAIL UNDER PA.R.CRIM.P. 521(B)[?]

(Appellant's Brief at 4).

In his first and second issues, Appellant argues the Commonwealth, the charging officer, and Appellant reached an agreement to change the original charge (driving while operating privilege is suspended or revoked) to drivers required to be licensed and Appellant would plead guilty to the latter offense. Appellant avers the amended charge was supposed to carry a fine but no license suspension. Appellant contends the trial court accepted his guilty plea without first advising him that the court would raise and apply the recidivist statute in Appellant's case and sentence him to a term of imprisonment under 75 Pa.C.S.A. § 6503. Only after Appellant entered a guilty plea to driving without a license, did the court introduce the recidivist statute to impose a sentence of incarceration. Appellant states the court should have advised Appellant of the recidivist penalty **before** the court accepted his plea. Appellant also maintains the court failed to give him any opportunity to withdraw his plea and go to trial. As presented, Appellant essentially challenges the validity of his guilty plea. Appellant concludes this Court should vacate the judgment of sentence and guilty plea and remand for a summary appeal hearing on the original charge, driving while operating privileges are suspended or revoked. We agree.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of

the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa.Super. 2017); ***Commonwealth v. Main***, 6 A.3d 1026 (Pa.Super. 2010) (stating same). By entering a guilty plea the defendant routinely waives an array of constitutional and appellate rights, including a direct challenge to the sufficiency of the evidence, which is a non-jurisdictional issue. ***See generally Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014).

Instead, the defendant must focus his complaint on the validity of the plea proceedings; to test the voluntariness of his guilty plea on direct appeal the defendant must either object during the plea colloquy or file a motion to withdraw the plea before sentencing or within ten days of sentencing. ***See id. See also*** Pa.R.Crim.P. 591 (allowing for application to withdraw plea upon written or oral motion of defendant at or before sentencing); Pa.R.Crim.P. 720 (allowing for post-sentence challenge to guilty plea and recommending that challenge be presented in post-sentence motion, if not previously raised). Absent extraordinary circumstances, the failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006).

If the defendant properly preserved his opposition to the validity of the plea process, courts evaluate "the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." ***Commonwealth v.***

*Muhammad*, 794 A.2d 378, 383-84 (Pa.Super. 2002). A guilty plea will be deemed valid if that examination demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa.Super. 2006). A defendant is not required to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Moser*, 921 A.2d 526, 528-29 (Pa.Super. 2007).

A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312, 314-15 (Pa.Super. 1993). A defendant is presumed to be aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. *Id.* at 522. *See also Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786, 796-97 (Pa.Super. 2003). "Before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea. A factual basis for the plea is universally required." *Commonwealth v. Stenhouse*, 788 A.2d 383, 384 (Pa.Super. 2001), *appeal denied*, 569 Pa. 705, 805 A.2d 523 (2002) (internal citations and quotation marks omitted).

> [W]hile the [Pennsylvania Supreme] Court has admonished that a complete failure to inquire into any one of the six, mandatory subjects generally requires reversal, ...in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances.

*Commonwealth v. Flanagan*, 578 Pa. 587, 606, 854 A.2d 489, 500 (2004) (internal citations omitted) (holding, under totality of circumstances, defendant entered unknowing guilty plea, where trial court failed to adduce

factual basis for plea during plea colloquy). Nevertheless, our Supreme Court has explained it expects "compliance with the six, straightforward and relatively modest requirements that set the baseline for a valid guilty plea colloquy." *Id.* at 612, 854 A.2d at 504.

Additionally, "nothing in [Rule 590] would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." Pa.R.Crim.P. 590 *Comment*. **See also Rush, supra** (holding defendant entered guilty plea knowingly and voluntarily where he acknowledged in written colloquy that he understood his rights to trial by jury and presumption of innocence, and he confirmed during court's oral examination that he signed written colloquy and understood its contents).

On the other hand, "A defendant obviously cannot be expected to plead intelligently without understanding the consequences of his plea. In order to understand the consequences of his plea it is clear that a defendant must be informed of the maximum punishment that might be imposed for his conduct." **Commonwealth v. Persinger**, 532 Pa. 317, 323, 612 A.2d 1305, 1308 (1992). **See also Hodges, supra** at 765 (explaining Rule 590 requires defendant understand maximum sentence court may impose should defendant enter guilty plea). Where a defendant's entry of a guilty plea implicates the application of a penalty enhancing recidivist statute,

Pennsylvania law requires that the defendant receive notice of the possible application of the recidivist provision before the court accepts the defendant's plea. **Commonwealth v. Reagan**, 502 A.2d 702, 707 (Pa.Super. 1985) (*en banc*).

> When a defendant pleads guilty rather than proceeds to trial, however, the defendant must be advised of the recidivist statute prior to entering his guilty plea. There is no dispute that a plea entered without knowledge of not only the maximum penalty which could be imposed, but also the minimum penalty which must be imposed, would not be a valid plea. … Therefore, although notice of the recidivist penalty is not required prior to trial, it is required prior to a guilty plea.

**Id.**

Section 1501 of the Motor Vehicle Code prohibits driving without a license and provides penalties for doing so as follows:

> **§ 1501.  Drivers required to be licensed**
>
> **(a)   General rule.—**No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter.
>
> *       *       *
>
> **(d)   Penalty.—**Any person violating subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200, except that, if the person charged furnishes satisfactory proof of having held a driver's license valid on the last day of the preceding driver's license period and no more than one year has elapsed from the last date for renewal, the fine shall be $25.  …

75 Pa.C.S.A. § 1501(a), (d).  Under Section 1501(d), an individual convicted of driving without a license in violation of Section 1501(a) is subject to a fine

of either $25.00 or $200.00; there is no incarceration penalty. 75 Pa.C.S.A. § 1501(d). Section 6503, a recidivist provision in the Motor Vehicle Code, sets forth enhanced penalties for repeat violations of certain provisions of the Vehicle Code, including Section 1501(a). Section 6503 provides, in relevant part, as follows:

**§ 6503. Subsequent convictions of certain offenses**

\* \* \*

**(b) Driving without a license.**—Every person convicted of a second or subsequent violation of section 1501(a) (relating to drivers required to be licensed) within seven years of the date of commission of the offense preceding the offense for which sentence is to be imposed shall be sentenced to pay a fine of **not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both.**

75 Pa.C.S.A. § 6503(b) (emphasis added). Under Section 6503(b), an individual who violates Section 1501(a) within seven years of his last Section 1501(a) violation is subject to a penalty of: (i) a fine in the minimum amount of $200.00 and maximum amount of $1,000.00; (ii) a term of incarceration not to exceed six months; or (iii) both a fine in an amount of at least $200.00 and at most $1,000.00, and up to six months' incarceration. *Id.* In comparison to Section 1501(d), Section 6503(b) permits the sentencing court to impose an increased fine and/or a term of incarceration upon a repeat violator of Section 1501(a). 75 Pa.C.S.A. §§ 1501(a), (d), 6503(d). **See also Commonwealth v. Soboleski**, 617 A.2d 1309, 1313 (Pa.Super. 1992), *appeal denied*, 535 Pa. 661, 634 A.2d 224 (1993) (explaining Section 6503

- 12 -

constitutes penalty enhancing recidivist provision; defendant must be made aware of potential application of recidivist provision **before** entering guilty plea, pursuant to **Reagan, supra**; but declining to apply **Reagan** where defendant's sentence under Section 6503 arose following a trial conviction, not after a guilty plea).

Instantly, Appellant's past driving record is not part of the certified record, but he does not dispute his driving record included a previous conviction for driving without a license per Section 1501(a). On February 26, 2019, after the court permitted the Commonwealth to amend the sole charge against Appellant to driving without a license per Section 1501(a), Appellant entered a guilty plea to that offense. The court then requested the Commonwealth to read into the record the applicable recidivist statute; the Commonwealth complied and recited Section 6503(d). During the same hearing, the court applied Section 6503(d) to sentence Appellant to 30 to 90 days' incarceration, plus a fine in the amount of $1,000.00. Appellant objected on the record to the proceedings and sentence on the grounds that he was not informed he would be subject to a term of incarceration if he entered the guilty plea.

The record demonstrates the trial court failed to conduct a proper plea colloquy during the February 26, 2019 hearing. Specifically, Appellant received no notice he would face an enhanced penalty under Section 6503(d), in the form of an increased fine and/or incarceration, before the court accepted

his guilty plea to driving without a license. *See Persinger, supra*; *Reagan, supra*; *Soboleski, supra*. The court also failed to ensure Appellant understood: the nature of the driving without a license charge; the factual basis of his plea; his right to a jury trial; the presumption of innocence; and that the court was not bound by the terms of any plea agreement. *See Flanagan, supra*; *Persinger, supra*. The only question the court asked Appellant was whether he wished to enter a guilty plea to the amended offense of driving without a license. *See Hodges, supra*. Also, the record contains no written guilty plea colloquy. Thus, we conclude Appellant's guilty plea process was fatally flawed. *See Flanagan, supra*. When Appellant objected, the court declined to entertain any argument, swiftly concluded the hearing, and effectively precluded him from objecting to the process further or moving to withdraw his plea. *See Commonwealth v. Marizzaldi*, 814 A.2d 249, 252 (Pa.Super. 2002) (explaining Pa.R.Crim.P. 720(D) barred defendant from filing post-sentence motions, where defendant was convicted of summary offense and received incarceration sentence). The best resolution of this case is to restore the parties to their respective positions before the February 26, 2019 hearing. Accordingly, we vacate the judgment of sentence and remand for a summary appeal hearing on the original charge. Due to our disposition, we decline to address Appellant's remaining issues on appeal.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2019